■ Murray Caplan, Respondent, v. City of New York, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated October 25, 1968, which granted plaintiff's motion to set aside a special verdict in favor of defendant on the question of whether defendant was negligent, after a trial limited to the issues of liability. Order affirmed, with costs. We are of the opinion that it was prejudicial error not to admit into evidence a prior statement subscribed by the witness Kaufman in order to impeach his credibility. The prior statement contradicts the testimony given by the witness at the trial. It is admissible even though the party seeking to impeach his credibility is the

one who called him as a witness (CPLR 4514; *Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267; *Brown* v. *Western Union Tel. Co.*, 26 A D 2d 316). If there was any portion the trial court felt was inadmissible, it could have obviated the problem by either deleting such portion or reading the admissible portions to the jury (cf. *Blackwood* v. *Chemical Corn Exch. Bank*, 4 A D 2d 656, 658). This issue is reviewable on this appeal (CPLR 4017, 5501, subd. [a], par. 3). Brennan, Martuscello and Kleinfeld, JJ., concur; Beldock, P. J., and Munder, J., dissent and vote to reverse the order appealed from and to reinstate the jury's verdict for defendant with the following memorandum: The learned Trial Judge set aside the jury's verdict essentially on the ground the evidence preponderated so clearly in favor of plaintiff that the jury's determination could not be justified upon any fair interpretation of the evidence (citing *Pertofsky* v. *Drucks*, 16 A D 2d 690). It is interesting that in the *Pertofsky* case this court reversed an order setting aside a defendant's verdict and directed that the jury's verdict be reinstated and that judgment be entered dismissing the complaint on the merits. In *Pertofsky*, in addition to stating the principle relied upon by the trial court in the instant case, this court noted that " The credibility of an interested witness, and the truthfulness and accuracy of his testimony, whether contradicted or not, are matters exclusively for the jury, the triers of the facts ". We feel that this latter principle is controlling here. Only two witnesses testified at the trial, viz., plaintiff and another man, Herman Kaufman, called by plaintiff. From plaintiff's testimony, it is difficult to pinpoint the exact spot where he said he fell. His testimony also contained an apparent inconsistency as to whether he had ever been to the spot prior to the accident. His credibility and the truthfulness and accuracy of his testimony were for the triers of the facts and the jury found in favor of defendant, following a clear and thorough charge which, in fact, was most favorable to plaintiff. We see no reason to overturn that determination since we feel there was sufficient evidence to support it. The ground relied upon by the majority for affirmance, i.e., the trial court's alleged prejudicial error in not permitting plaintiff to impeach his own witness, Kaufman, is not persuasive. It is our view that the failure to permit plaintiff to impeach his own witness was harmless error and not so prejudicial as to warrant a new trial. Plaintiff was not prevented from establishing his case in chief but only from attacking the credibility of a witness. This was only a secondary issue (see *Messina* v. *Renison*, 21 A D 2d 803). Furthermore, the record shows the credibility of this witness was placed in issue even without the proof which plaintiff was prevented from presenting. It was clear to the jury that this witness had made inconsistent or even contradictory statements regarding the accident. The resolution of the differences was a matter exclusively for the jury.