OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff instituted this medical malpractice action against defendant alleging that defendant engaged in a sexual relationship with her during the course of their psychiatrist-patient relationship. Plaintiff charged that rather than providing therapy consistent with the accepted standards of psychiatric care, defendant sexualized their relationship to the detriment of her emotional and mental health. Defendant has consistently denied that he engaged in a sexual relationship with plaintiff, which conduct, he acknowledged, would transgress accepted standards of psychiatric practice. Defendant testified at trial that plaintiff fabricated the existence of an intimate sexual relationship between them. Thus, the critical issue for the jury was whose version of the psychiatrist-patient relationship was truthful, which set the stage for a credibility contest between the parties.
 

 By pretrial
 
 in limine
 
 motion, plaintiff sought permission to call four of defendant’s former patients, who also claimed to have been sexually involved with defendant, in an attempt to establish that defendant repeatedly formed sexual liaisons with his patients and that each relationship followed the same
 
 *959
 
 pattern. The trial court properly denied this motion based on the settled rule that evidence of prior, similar acts is inadmissible to prove that defendant perpetrated the same act on a later, unrelated occasion (see,
 
 Matter of Brandon,
 
 55 NY2d 206, 210-211;
 
 see also, People v Vargas,
 
 88 NY2d 856, 858;
 
 People v Alvino,
 
 71 NY2d 233, 241).
 

 Similarly, the trial court correctly denied plaintiffs oral applications at trial to call these former patients. Rejecting plaintiffs contention that defendant "opened the door” to evidence regarding his character, the court properly ruled that the proffered testimony was "much too collateral” to the issue at trial, and highly prejudicial
 
 (see, People v Pavao,
 
 59 NY2d 282, 289; 1 McCormick, Evidence § 49 [4th ed]). However, the court did allow plaintiff to testify in rebuttal in an attempt to rehabilitate her credibility.
 

 By formal motion made after both parties had rested, plaintiff once again renewed her request to introduce the testimony of two of defendant’s former patients, this time seeking to call these individuals as additional rebuttal. Plaintiff argued that once the trial court permitted defendant, on his direct case, to display to the jury the surgical scars on his torso to refute plaintiffs contention that they had a multiyear sexual relationship, she was entitled to then demonstrate why she did not observe the scars. It was plaintiff’s contention, which defendant’s former patients might confirm in their proffered testimony, that defendant’s peculiar sexual practices and failure to completely disrobe prevented her from observing any scars. The trial court denied the application, ruling that the proffered testimony related to a collateral matter and would be highly prejudicial since such testimony would be admitted solely for impeachment purposes.
 

 After the jury’s verdict for defendant, the trial court adhered to this determination in an order denying plaintiffs motion to set aside the verdict. The Appellate Division affirmed the judgment dismissing the complaint
 
 (see, Coopersmith v Gold,
 
 223 AD2d 572).
 

 A trial court is invested with broad discretion to restrict inquiry into collateral matters
 
 (see, Feldsberg v Nitschke,
 
 49 NY2d 636, 643 [citations omitted],
 
 rearg denied
 
 50 NY2d 1059). The primary reason plaintiff sought to introduce the proffered testimony was to challenge defendant’s credibility and rehabilitate her own, which are collateral matters by their very essence. Therefore, we cannot say as a matter of law that the trial court abused its discretion by denying plaintiff’s ap
 
 *960
 
 plications to call defendant’s former patients as rebuttal witnesses, especially where the obvious purpose of such rebuttal was simply to bolster her case and counter defendant’s
 
 (see, People v Pavao,
 
 59 NY2d, at 288-289,
 
 supra; People v Schwartzman,
 
 24 NY2d 241, 245,
 
 cert denied
 
 396 US 846).
 

 The remaining contentions raised on appeal are without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur; Judges Titone and Levine taking no part. Order affirmed, with costs, in a memorandum.