■ MIGUEL CANO et al., Appellants, v BLF REALTY HOLDING CORP. et al., Respondents. MIGUEL CANO et al., Respondents, v BLF REALTY HOLDING CORP. et al., Appellants. [663 NYS2d 202] —Order, Supreme Court, New York County (Stephen Crane, J.), entered December 11, 1995, which, insofar as appealed from, granted defendant landlords' motion for disclosure sanctions to the extent of precluding plaintiff tenants from introducing certain evidence in support of their claims, unanimously affirmed, without costs. Order, same court (Norman Ryp, J.), entered October 29, 1996, which, insofar as appealed from, denied defendants' motion for summary judgment and directed the completion of further discovery by a certain date, unanimously modified, on the law and the facts, to grant defendants' motion for summary judgment dismissing the first and third causes of action, and to preclude further discovery in the action, and otherwise affirmed, without costs.

Defendants' affidavits fully demonstrated plaintiffs' dilatory conduct and failure to comply with disclosure requests, and, given that history and the court's involvement in the process, which included ample opportunities for plaintiffs' compliance with the court-ordered stipulation that was to govern disclosure, the court could infer that plaintiffs' failure to disclose was willful and contumacious (*see,* CPLR 3126; *Tleige v Troy Pediatrics,* 237 AD2d 772; *Garcia v Kraniotakis,* 232 AD2d 369). Given this preclusion order, it was error not to dismiss the first and third causes of action for an injunction against harassment and for damages based on the alleged harassment, since, contrary to the second court's reading, the order was not limited to documentary evidence concerning these claims, and no issues of fact remain absent the precluded evidence. It was also error to direct the parties to conduct and complete all pretrial discovery without undue delay, as the parties had already stipulated to an expedited discovery schedule to be completed within 20 days after service of the discovery requests, the service of discovery requests occurred on February 10, 1995, and a prior order of the court, entered January 10, 1995, required trial within 60 days after the conclusion of the expedited discovery schedule. However, it was not error to deny summary judgment dismissing the second cause of action claiming a partial eviction based on the denial of elevator service, since that claim was concededly unaffected by the preclusion order, and issues remain, including the legality of using the manually

operated elevator for passenger service, whether a non-tenant elevator operator is required, and whether defendants waived their right to the installation of a push-button elevator. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Colabella, JJ.