■ REBECCA MINGO, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant. [756 NYS2d 13] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), entered November 30, 2001, which, inter alia, entitled plaintiff to recover damages from defendant upon a jury verdict awarding her $400,000 for past pain and suffering and $1.5 million for future pain and suffering, unanimously modified, on the facts, to vacate the award for future pain and suffering and remand for a new trial solely upon the issue of damages for future pain and suffering, and otherwise affirmed, without costs, unless, within 30 days of service of a copy of this order with notice of entry, plaintiff stipulates to reduce the future pain and suffering award to $750,000, and to entry of an amended judgment in accordance therewith.

The trial court properly exercised its discretion in precluding defendant from using a statement by plaintiff contained in defendant's in-house accident report as evidence-in-chief since defendant withheld the accident report until the time of jury selection despite plaintiff's long-standing specific demands for such party statements, and in violation of a court order pursuant to which discovery was to have been completed many months before (see CPLR 3126; and see Kassis v Teachers Ins. & Annuity Assn., 258 AD2d 271; Cano v BLF Realty Holding Corp., 243 AD2d 390).

On this record, the jury was properly instructed to consider the doctrine of res ipsa loquitur in determining whether plaintiff's injuries were proximately caused by negligence on the part of defendant Authority (see Rountree v Manhattan & Bronx Surface Tr. Operating Auth., 261 AD2d 324, 326-327, lv denied 94 NY2d 754).

The award for future pain and suffering deviates materially from what is reasonable compensation under the circumstances.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.