■ DWIGHT GAMBRAL, Appellant, v LONG ISLAND RAIL ROAD, Respondent. [773 NYS2d 895]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), entered February 26, 2003, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured when he slipped and fell in a stairwell at his workplace. He commenced this action against the defendant, his employer, pursuant to the Federal Employers' Liability Act (see 45 USC § 51 et seq.; hereinafter FELA). At the trial on the issue of liability, the plaintiff testified that he observed debris on the stairwell before the accident, and that employees of the defendant had almost exclusive access to the building were the accident occurred.

Under FELA, employers are liable for the negligence of their employees only if the employee whose conduct caused the injury was acting within the scope of his or her employment (see Gallose v Long Is. R.R. Co., 878 F2d 80, 83 [1989]). Contrary to the plaintiff's contention, the evidence adduced at trial did not establish that the allegedly hazardous condition was created by an agent or employee of the defendant acting within the scope of his or her agency or employment (see Gallose v Long Is. R.R.

*Co., supra*). Thus, viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could have found in his favor and against the defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Smith v Hercules Constr. Corp.*, 274 AD2d 467, 468 [2000]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., S. Miller, H. Miller and Crane, JJ., concur.