■ MARK GATZ, Appellant, v MARK LAYBURN et al., Respondents. [780 NYS2d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Oliver, J.), entered January 3, 2003, which, upon the granting of those branches of the defendants' motion pursuant to CPLR 4401 which were for judgment as a matter of law dismissing the causes of action to recover damages for assault and battery against the defendant Mark Layburn and dismissing the complaint insofar as asserted against the defendant Otis Ford, Inc., made at the close of the plaintiff's case, and upon a jury verdict in favor of the defendant Mark Layburn on the negligence cause of action, dismissed the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar asserted as against the defendant Mark Layburn; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant Mark Layburn is denied in its entirety, the action against that defendant is severed, and the matter is remitted to Supreme Court, Suffolk County, for a new trial as against the defendant Mark Layburn.

The defendant Mark Layburn, an employee of the defendant Otis Ford, Inc. (hereinafter Otis Ford), is alleged, while in the course of his employment, to have "flicked" a lighted cigarette at or in the direction of the plaintiff. The cigarette allegedly became lodged inside the plaintiff's right shoe. The plaintiff subsequently commenced this personal injury action alleging negligence and assault and battery causes of action against Layburn, and that Otis Ford was negligent in the hiring, retention, and supervision of Layburn as its employee.

At trial, the plaintiff called as a witness a state trooper who investigated the incident. The Supreme Court precluded the introduction of his report into evidence because no copy was previously served upon the defendants. The report contained an

alleged admission by Layburn. At the close of the plaintiff's case, the Supreme Court granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action for assault and battery against Layburn, and dismissing the complaint insofar as asserted against Otis Ford. The jury thereafter returned a verdict in favor of Layburn on the negligence cause of action.

The Supreme Court erred in excluding from evidence, as a sanction, the investigating officer's report containing the alleged admission (*see* CPLR 4518). "The plaintiff may not be compelled to produce [or sanctioned for failing to produce] information . . . which he does not possess" (*Corriel v Volkswagen of Am.*, 127 AD2d 729, 731 [1987]; *Bach v City of New York*, 304 AD2d 686, 687 [2003]; *Romeo v City of New York*, 261 AD2d 379, 380 [1999]). Where, as here, the central issue is the parties' credibility, such error cannot be considered harmless (*see* CPLR 2002; *Caplan v City of New York*, 34 AD2d 549 [1970]; *cf. Coopersmith v Gold*, 89 NY2d 957, 959 [1997]). "Reversal of a judgment based upon the improper exclusion of evidence is warranted when, had such evidence been admitted, it may have had a substantial influence upon the result of the trial" (*Platovsky v City of New York*, 275 AD2d 699, 700 [2000]).

Conversely, the Supreme Court correctly dismissed the complaint against Otis Ford. The record is devoid of any evidence that it knew or should have known of Layburn's purported propensity for the conduct which allegedly caused the plaintiff's injury (*see* *Cherry v Tucker*, 5 AD3d 422 [2004]). Accordingly, viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could have found in his favor and against Otis Ford (*see* *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Gambral v Long Is. R.R.*, 6 AD3d 386 [2004]). Altman, J.P., Goldstein, Adams and Crane, JJ., concur.