■ MARLENE E. VAZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [925 NYS2d 587]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered February 10, 2009, which denied her motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant on the issue of liability and for judgment as a matter of law or, in the alternative, for a new trial.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiff's motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial on that issue, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability and, if warranted, for a trial on the issue of damages.

The plaintiff allegedly fell and was injured while riding on the defendant's bus, which she boarded at John F Kennedy International Airport (hereinafter the airport). During the trial on the issue of liability, the plaintiff testified that, after she boarded the bus at Terminal 7 of the airport, she sat in a forward-facing seat at the front of the bus. According to the plaintiff, the bus stopped at a designated bus stop at Terminal 4 of the airport and the bus driver turned off the engine for approximately five minutes. As recounted by the plaintiff, a second bus pulled up alongside the bus in which she sat and discharged a passenger, who proceeded to walk directly in front of the plaintiff's bus to reach the sidewalk. According to the plaintiff's

testimony, while the pedestrian was still crossing in front of the plaintiff's bus, the plaintiff's bus driver turned the engine on, the bus jerked forward, and then stopped suddenly. The plaintiff testified that the force of the stop was so great that she was thrown from her seat to the floor, landing on her buttocks.

During cross-examination of the plaintiff, the trial court permitted the defendant to introduce into evidence a "Motor Vehicle Accident Form" (hereinafter the MVA form), prepared by the plaintiff at her physician's office shortly after the accident, for the purpose of impeaching the plaintiff's credibility as to how the accident occurred. In the MVA form, the plaintiff stated that the pedestrian "dashed" in front of the bus as it was starting. After hearing testimony from the driver of the bus who, for the most part, could not recall the incident except that she applied the brakes harder than usual, but denied that the movement of the bus was unusual and violent or that any passengers on the bus were thrown to the floor, the jury found that the defendant was not negligent. The trial court denied the plaintiff's motion, inter alia, to set aside the verdict on the issue of liability and for a new trial.

The Supreme Court improvidently exercised its discretion in permitting the defendant to introduce the MVA form into evidence. Although a party may not be compelled to produce or sanctioned for failing to produce information which he does not possess (*see Sagiv v Gamache*, 26 AD3d 368 [2006]; *Gatz v Layburn*, 9 AD3d 348, 350 [2004]; *Corriel v Volkswagen of Am.*, 127 AD2d 729, 731 [1987]), the failure to provide information in its possession will, however, preclude it from later offering proof regarding that information at trial (*see Bivona v Trump Mar. Casino Hotel Resort*, 11 AD3d 574, 575 [2004]; *Kontos v Koakos Syllogos "Ippocrates," Inc.*, 11 AD3d 661 [2004]; *Corriel v Volkswagen of Am.*, 127 AD2d at 731). The record reveals that the defendant came into possession of the MVA form on November 21, 2002, prior to the commencement of the action. Accordingly, contrary to the Supreme Court's conclusion, the defendant was required to disclose the MVA form, which constituted the plaintiff's "own statement" (CPLR 3101 [e]), upon the plaintiff's demand prior to trial (*see* CPLR 3101 [a], [e]). The defendant, however, withheld the document until the midst of trial, and proffered no excuse for its failure to produce the document earlier (*see Moog v City of New York*, 30 AD3d 490 [2006]; *Assael v Metropolitan Tr. Auth.*, 4 AD3d 443 [2004]; *Mingo v Manhattan & Bronx Surface Tr. Operating Auth.*, 302 AD2d 274 [2003]; *Pryzant v City of New York*, 300 AD2d 383 [2002]). Where, as here, the central issue is the parties' credibility, such

error cannot be considered harmless (*see* CPLR 2002; *Caplan v City of New York*, 34 AD2d 549 [1970]; *cf. Coopersmith v Gold*, 89 NY2d 957, 959 [1997]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to set aside the verdict on the issue of liability and for a new trial on the issue of liability. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.