M13 & M15 Holdings, LLC v Athanson (2024 NY Slip Op 05139)

M13 & M15 Holdings, LLC v Athanson

2024 NY Slip Op 05139

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 151634/21 Appeal No. 2854 Case No. 2024-00151 

[*1]M13 & M15 Holdings, LLC, Plaintiff-Respondent,
v
Jennifer Athanson et al., Defendants-Appellants.

McLaughlin & Stern LLP, (Jonathan R. Jeremias of counsel), for appellants.
Law Office of Allison M. Furman, P.C., New York (Allison M. Furman of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 26, 2023, which granted plaintiff's motion to preclude defendants from offering any evidence at trial or on a dispositive motion based on their failure to timely comply with discovery, unanimously affirmed, with costs.
The court providently exercised its discretion in granting the preclusion order in that willful and contumacious conduct may be inferred from defendants' admitted failure to comply with their discovery obligations despite two so-ordered stipulations setting deadlines for such compliance, and their failure to provide a persuasive reason for all but one week of such noncompliance (see Lane v City of New York, 210 AD3d 502, 503 [1st Dept 2022]). Defendants did not fully comply with the deadline in the December 19, 2022 so-ordered stipulation, despite the signing of a confidentiality order, because they objected to the production of their personal financial information. However, they did not seek a protective order. They also did not comply with the deadline in the August 8, 2023 so-ordered stipulation and the additional one-week extension granted by plaintiff and did not provide an explanation for their noncompliance. They made no effort to obtain an additional extension of time by seeking judicial relief.
Accordingly, we perceive no basis to disturb the motion court's determination given defendants' repeated failure to comply with deadlines in the so-ordered stipulations and their failure to provide a reasonable explanation for their noncompliance(see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; see also Cano v BLF Realty Holding Corp., 243 AD2d 390, 390 [1st Dept 1997]). Although defendants contend that they provided documents pursuant to the stipulations, plaintiff asserts that certain documents were not produced, and defendants did not provide the motion court with an affidavit supporting their assertions.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024