■ DANIEL SCHLITTER et al., Respondents, v CITY OF NEW YORK et al., Defendants, and WORLDWIDE VOLKSWAGEN CORP., Defendant and Third-Party Plaintiff. VOLKSWAGEN OF AMERICA, INC., Appellant. (And a Fourth-Party Action.) — In an action to recover damages for personal injuries and property damage predicated upon negligence, strict products liability and breach of warranty, third-party defendant and fourth-party plaintiff, Volkswagen of America, Inc., appeals from an order of the Supreme Court, Queens County (Graci, J.), dated December 22, 1981, which denied its motion to preclude plaintiffs from introducing at trial any evidence with respect to the subject matter of Items Nos. 64(a) and 68 of its interrogatories or, in the alternative, for identical relief, unless plaintiffs furnish full and complete answers to said items within 30 days following completion of plaintiffs' discovery and at least 30 days before restoration of the action to the Trial Calendar. Order reversed, with $50 costs and disbursements, and motion granted to the extent that the plaintiffs are directed to provide further answers to Items Nos. 64(a) and 68 of third-party defendant and fourth-party plaintiff Volkswagen of America, Inc.'s interrogatories. Failure to provide such answers shall preclude plaintiffs from offering any proof at trial with respect to so much of the information sought by appellant as would further detail or support the conclusory answers already submitted. Plaintiffs shall provide the answers within 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. Appellant's interrogatories asked plaintiffs to state "in detail" each defect or fault in their motor vehicle that allegedly should have been discovered by it and to explain how each should have been discovered; they also asked plaintiffs to state "all facts" that plaintiffs claim gave rise to any breaches of express or implied warranties. Plaintiffs responded by saying "the vehicle was not crashworthy upon impact and exposed the occupants of the vehicle to more serious injury and therefore lacked occupant protection. In addition, the steering column did not provide adequate energy absorbing action. These

defects * * * could have been discovered by inspection, analysis and testing. Plaintiffs lack actual knowledge of why the parts were operationally defective * * * At the time of the accident that took place on March 30, 1974, the vehicle responded to the impact in such a manner as to cause the plaintiffs to sustain severe and lasting permanent injuries. The braking mechanism caused the vehicle to pull to the right and the vehicle itself did not provide adequate protection for the occupants because of the design and the failure to have a steering column that provided adequate emergency absorbing action. In addition, the vehicle did not have adequate collapse distance. Plaintiffs lack actual knowledge of why the parts were operationally defective." That plaintiffs are not in possession of the detailed information sought to be discovered by the interrogatories is not, in the circumstances disclosed by this record, an acceptable excuse for their failure to acquire and communicate such information. Not only has a substantial period of time elapsed since the accident and the commencement of this action, but plaintiffs have been afforded an adequate opportunity to acquire such information through disclosure proceedings. To prevent unfair surprise at trial, therefore, plaintiffs must either provide the information to appellant as requested or must forego introduction of evidence establishing any further factual details sought by appellant as underlie the factual averments in the plaintiffs' answers. (See *De Vincent v Porsche-Audi Manhattan,* 84 AD2d 572.) Mangano, J. P., Gibbons, O'Connor and Thompson, JJ., concur.