■ AVRAM WISEMAN, Respondent, v AMERICAN MOTORS SALES CORP., Appellant. — In an action sounding in negligence, breach of warranty and strict liability in tort to recover damages for personal injuries, defendant appeals, as

limited by its brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated August 1, 1983, as denied stated portions of its motion for an order precluding plaintiff from offering evidence at trial as to the subject matter of interrogatories unanswered or improperly answered by plaintiff, or, in the alternative, for an order compelling plaintiff to fully respond to the same. ¶ Order modified by (1) deleting the provision which directed plaintiff to respond to interrogatories Nos. 12 and 13 only in the event that he claims aggravation of a pre-existing injury, and substituting therefor a provision directing plaintiff to respond to those interrogatories unconditionally, (2) adding a provision directing plaintiff to supplement his answer to interrogatory No. 21 to the extent of providing the vehicle's license plate number, and (3) adding a provision requiring that plaintiff submit complete, responsive answers to interrogatories Nos. 44 through 57. As so modified, order affirmed insofar as appealed from, with costs to defendant. Plaintiff's time to answer interrogatories Nos. 12, 13, 21, 44, 47, 48 and 53 through 57 is extended until 45 days after service upon him of a copy of the order to be made hereon, with notice of entry, and his time to answer interrogatories Nos. 45 and 46 and 49 through 52 is extended until after the completion of disclosure proceedings. ¶ Special Term erred in ordering plaintiff to furnish answers to interrogatories Nos. 12 and 13 "[only] [i]f the plaintiff claims aggravation of a pre-existing injury". Regardless of whether plaintiff alleges aggravation of a pre-existing injury, information as to plaintiff's injuries, illnesses and physical complaints in the not-too-distant past is undoubtedly "material and necessary" (CPLR 3101, subd [a]; see, also, CPLR 3131) to the preparation of defendant's defense to the lawsuit with respect to whether the injuries alleged were caused by the accident, and, consequently, to an evaluation of the damages plaintiff sustained as a result thereof (see *Allen v Cromwell-Collier Pub. Co.,* 21 NY2d 403, 406-407). ¶ Defendant's request regarding the license plate number of the allegedly defective vehicle involved in the accident (interrogatory No. 21) is certainly "material and necessary" as a means of confirming its identity. ¶ Interrogatories Nos. 44 through 57 are reasonably propounded to clarify and amplify plaintiff's allegations regarding the defectiveness of the vehicle, as well as the different legal theories premised thereon which plaintiff is pursuing in the lawsuit (see *Schlitter v City of New York,* 89 AD2d 979; *Robins v Firestone Tire & Rubber Co.,* 92 AD2d 889). Plaintiff's responses thereto are insufficient inasmuch as they supply virtually no information as to which component parts of the vehicle in question were allegedly defective, and fail to give any indication as to the nature of the defects alleged. Thus, they fail to amplify the allegations in the complaint and state the bases for the legal theories upon which plaintiff has elected to premise his cause of action. These gaps must be filled so as to prevent unfair surprise at trial (cf. *Schlitter v City of New York, supra*). ¶ Since plaintiff asserts that he is not in present possession of the information required by interrogatories Nos. 45 and 46 and 49 through 52, he should be given the opportunity to acquire it through disclosure proceedings. Once disclosure is completed, plaintiff shall provide the information requested. To prevent unfair surprise at trial, defendant is entitled to the protection of an order of preclusion to the extent that plaintiff does not provide the information requested in accordance herewith (see *Schlitter v City of New York, supra*). Titone, J. P., Brown, Niehoff and Lawrence, JJ., concur.