OPINION OF THE COURT
Per Curiam.
In an exercise of this court’s discretion under section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), we decline to accept the two questions* certified to us by the United States Court of Appeals for the Second Circuit in this action under the Federal Tort Claims Act.
We fully appreciate the value of the certification process, in saving "time, energy, and resources and helping to] build a cooperative judicial federalism” (Lehman Bros. v Schein, 416 US 386, 391), by allowing this court in a non-State action to declare the law of the State of New York (see, Kidney v Kolmar Labs., 68 NY2d 343, submitted after certification 808 F2d 955, 957; see generally, Report, Committee on Federal Courts, Analysis of State Laws Providing for Certification by Federal Courts of Determinative State Issues of Law, 42 Rec AB City NY 101 [1987]).
The situation presented, however, raises another consideration. The very questions now tendered for our review were only recently answered by Supreme Court, New York County, in McDougald v Garber (132 Misc 2d 457), and are the subject of an appeal currently going forward in the Appellate Division, First Department. Were we to undertake to answer the certified questions now, by the extraordinary procedure of *312 responding to specific questions from the Federal court rather than deciding a case fully before us for review, we would necessarily affect the ordinary State procedure now in actual progress for the resolution of these issues. In the circumstances, it is unquestionably preferable in the resolution of significant State law issues to secure the benefit afforded by our normal process — the considered deliberation and writing of our intermediate appellate court in a pending litigation. We therefore decline to accept the certified questions.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Acceptance of certification of questions by the United States Court of Appeals for the Second Circuit pursuant to section 500.17 of this court’s Rules of Practice (22 NYCRR 500.17) declined.

The questions presented are (a) whether "loss of normal pursuits and pleasures of life” or "loss of enjoyment of life” is a separately compensable item of damages apart from other items, such as pain and suffering; and (b) if so, whether a claimant must possess cognitive awareness in order to recover for such a loss. 28 USC § 1346 (b), as interpreted in Hatahley v United States (351 US 173, 182 [1956]), requires that these questions be decided in accordance with the law of the State of New York.