■ STEVE PINTO et al., Respondents, v PYRAMID TIRE, INC., Defendant, and FIRESTONE TIRE & RUBBER COMPANY, Appel-

lant.—In a products liability action to recover damages for personal injuries, etc., the defendant the Firestone Tire & Rubber Company appeals from so much of an order of the Supreme Court, Kings County (Lodato, J.), entered June 12, 1986, as denied its motion to preclude the plaintiffs from submitting proof in support of their claims, and for summary judgment dismissing the complaint pursuant to CPLR 3212.

Ordered that the order is modified, by deleting the provision which denied the motion in all respects and substituting therefor a provision granting the motion to the extent of (1) directing the plaintiffs to provide further answers to items Nos. 52 (c) through 52 (f) and 88 through 92 of the appellant's interrogatories, and (2) directing that in the event the plaintiffs fail to provide those answers they shall be precluded from offering any proof at trial with respect to so much of the information sought by the appellant as would further detail or support the conclusory answers already submitted: as so modified, the order is affirmed insofar as appealed from, with costs to the appellant; the plaintiffs' time to answer the interrogatories in question is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The plaintiffs have been afforded adequate time and opportunity to acquire information necessary to respond to the appellant's questions concerning the claimed defectiveness of the appellant's tires (see, Wiseman v American Motors Sales Corp., 101 AD2d 859; Schlitter v City of New York, 89 AD2d 979). The plaintiffs' responses to the items Nos. 52 (c) through (f) and 88 through 92 are insufficient to apprise the appellant of the specific defects in the design, manufacture or testing of the subject tires for purposes of preparing a defense at trial. Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.