OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff, an unsuccessful candidate for Housing Judge, challenges the constitutionality of CCA 110 (f), contending that— rather than Hearing Officers or Referees — Housing Judges are in fact full-fledged Judges; that the power to appoint Judges is an executive function; and that the statutory provision for appointment by the Chief Administrative Judge therefore violates the doctrine of separation of powers. Both lower courts granted defendants summary judgment, declaring the statute constitutional and dismissing the complaint. The Appellate Division
 
 sua sponte
 
 granted plaintiff leave to appeal to this court (CPLR 5713).
 

 In this court, neither appellants nor the Attorney-General, as intervenor, challenge plaintiffs standing. Assuming for present purposes that he has standing to maintain this action, on the record before us we agree with the courts below that plaintiff has not discharged his heavy burden of demon
 
 *1014
 
 strating the statute’s unconstitutionality
 
 (see, e.g., Eaton v New York City Conciliation & Appeals Bd.,
 
 56 NY2d 340, 346).
 

 Plaintiff does not challenge the conclusion reached by the court in
 
 Glass v Thompson
 
 (51 AD2d 69) that housing court officers were "in essence referees * * * nonjudicial officers of the court, appointed to assist it in the performance of its judicial functions”
 
 (id.,
 
 at 74). In fact, plaintiff asserts that the conclusion reached in
 
 Glass (supra)
 
 is "obviously correct.” Plaintiff’s argument that these officers are in fact Judges centers on the post-1976 amendments to the statute. However, no material enlargement of authority was made by the post-
 
 Glass
 
 amendments. Thus, plaintiff’s claim, as framed by his own argument, lacks merit.
 

 Finally, we note that the Appellate Division affirmed Supreme Court’s order, without opinion, and
 
 sua sponte
 
 granted leave to appeal to this court. The Appellate Division’s certification in the absence of any request by the parties bespeaks its conclusion, after having read the briefs, heard the parties and fully considered the appeal, that issues of law of particular significance were presented that merited the attention of this court, as well as the commitment of further time and expense by the litigants. While this court, and the entire appellate function, are better served when the regular review process is followed, including some articulation of the reasoning the intermediate appellate court chose to adopt when it considered the case and reached its result
 
 (see, Rufino v United States,
 
 69 NY2d 310), such an articulation is all the more important in those few cases singled out by the Appellate Division for
 
 sua sponte
 
 certification.
 

 Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachler and Judge Bellacosa taking no part.
 

 Order affirmed, with costs, in a memorandum.