■ STEVEN A. NUTTING, Individually and as Parent of JONATHAN NUTTING, an Infant, et al., Respondents, v FORD MOTOR COMPANY, Defendant, CATHERINE A. NUTTING, Respondent, and HEWLETT-PACKARD COMPANY, Defendant and Third-Party Plaintiff. LAZARE LINCOLN-MERCURY, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants.—Casey, J. Appeal from an order of the Supreme Court (Brown, J.), entered April 6, 1992 in Saratoga County, which denied a motion by third-party defendant Lazare Lincoln-Mercury, Inc. to compel plaintiffs and defendant Catherine A. Nutting to provide further responses to interrogatories.

As a result of a prior appeal (see, 180 AD2d 122) and various settlements among the parties, plaintiffs' only remaining cause of action arising out of a December 1985 automobile accident is against defendant Hewlett-Packard Company for strict products liability. Defendant Catherine A. Nutting (hereinafter Nutting) also asserts a strict products liability cause of action in her cross claim against Hewlett-Packard. In a third-party action, Hewlett-Packard seeks indemnification or contribution from third-party defendant Lazare Lincoln-Mercury, Inc. (hereinafter Lazare). Lazare served interrogatories on plaintiffs and Nutting in August 1991. Dissatisfied with the responses to certain of the interrogatories, Lazare moved, inter alia, to compel plaintiffs and Nutting to provide a complete and accurate response to the interrogatories. Supreme Court denied the motion and Lazare appeals.

The disputed interrogatories sought specific information regarding alleged defects, malfunctions or improper design of the vehicle and its engine or engine operating system. Plaintiffs responded by stating that they "have, through their

attorney, retained expert automotive consultants who are familiar with the technical details of the defective engine operating system and the passenger safety restraint system, which technical details are unknown to plaintiff Steven A. Nutting who is responding to these interrogatories". Nutting's response to the disputed interrogatories specifically relies upon plaintiffs' response set forth above. Lazare contends that its interrogatories were reasonably propounded to clarify and amplify plaintiffs' allegations that the vehicle was defective and that plaintiffs' response was inadequate (see, *Wiseman v American Motor Sales Corp.,* 101 AD2d 859, 860). Plaintiffs argue that they are not experts in automobile engineering and should not be required to provide, under oath, information outside their personal knowledge and understanding. In the alternative, plaintiffs contend that because discovery is incomplete, they were unable, at the time of their response, to provide more detailed information.

"The Trial Judge, familiar with the entirety of the action * * * is vested with broad discretion to supervise disclosure" (*Blank v Schafrann,* 180 AD2d 886, 887 [citation omitted]), but in the absence of a written decision we are unable to discern whether Supreme Court exercised this discretionary authority on a proper basis (see, *American Sec. Ins. Co. v Williams,* 176 AD2d 1094, 1095). The papers submitted by Lazare in support of its motion appear on their face to present the type of case in which it would have been an appropriate exercise of discretion for the court to grant, at least in part, the relief requested by Lazare (see, *Wiseman v American Motors Sales Corp., supra)* and, therefore, Supreme Court's denial of Lazare's motion without setting forth any reasons for that denial constituted an abuse of discretion as a matter of law (see, *American Sec. Ins. Co. v Williams, supra,* at 1095). Exercising our authority to review questions of fact as well as questions of law (see, CPLR 5501 [c]), we conclude that Lazare's motion should be granted.

Plaintiffs and Nutting contend that they should not be compelled to respond until discovery is completed and they have determined the exact nature of the defect or defects. Plaintiffs, however, have maintained control of the vehicle since the accident, which occurred some seven years ago, and they admit to having five experts examine the vehicle, but have not responded to Lazare's demand for expert witnesses (see, CPLR 3101 [d] [1] [i]). Plaintiffs' action had been pending for several years when Lazare's interrogatories were served, and more than a year has now elapsed since plaintiffs and

Nutting responded to those interrogatories. In these circumstances, we conclude that plaintiffs and Nutting have had adequate time to obtain the information necessary to respond to the disputed interrogatories, and to prevent unfair surprise at trial they must provide the information regarding specific defects requested by the interrogatories or forego introduction of evidence of specific defects at trial *(see, Schlitter v City of New York,* 89 AD2d 979, 980).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion granted to the extent that plaintiffs and defendant Catherine A. Nutting are directed to provide complete responses to interrogatory Nos. 5, 7, 9, 11, 13, 15, 17 and 65 within 60 days of the date of this Court's decision, and plaintiffs and defendant Catherine A. Nutting are precluded from presenting at trial any evidence of specific defects not identified and detailed in said responses.