■ ISLAMIC CENTER OF HARRISON, INC., et al., Appellants, v ISLAMIC SCIENCE FOUNDATION, INC., et al., Respondents. [628 NYS2d 179] —In an action, *inter alia,* for a permanent injunction enjoining the defendants from preventing the plaintiffs from using a certain mosque and Islamic cultural and education center, the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated January 18, 1994, as granted the defendants' motion, *inter alia,* to direct the plaintiffs to vacate the premises and (2) from an order of the same court dated January 20, 1994, which, upon renewal, adhered to the prior determination contained in an order of the same court entered July 14, 1993, denying the plaintiffs' motion for a preliminary injunction.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

There is a well settled distinction between a church as a religious corporation and the same church as a religious society. The corporation, its trustees, and any other persons entitled to vote at corporate meetings have jurisdiction over

the property and temporal affairs of the church, while the religious society consisting, *inter alia,* of the worshipers, has authority over spiritual matters *(see, e.g., Fiske v Beaty,* 206 App Div 349, *affd* 238 NY 598; *Metropolitan Baptist Church v Braxton,* 137 NYS2d 294, *affd* 285 App Div 1044; 92 NY Jur 2d, Religious Organizations, § 4).

Whatever claims the plaintiffs might have over spiritual matters at the mosque in question, they have not demonstrated that they possess any legitimate claims to temporal control over the real property on which the mosque is located, which is owned by the defendant Islamic Cultural Center of New York, Inc., and allegedly controlled by the individual defendants. The plaintiffs' use of that property appears to have been pursuant to a lease which has not been renewed *(see, Soho Ctr. for Arts & Educ. v Church of St. Anthony,* 146 AD2d 407). Thus, we agree with the Supreme Court that the plaintiffs have completely failed to demonstrate that they should be awarded a preliminary injunction allowing them to continue to use the defendants' property for their services over the defendants' objections.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.