■ NICHOLAS PAPPAS et al., Appellants, v GREEK ORTHODOX ARCHDIOCESE OF NORTH AND SOUTH AMERICA et al., Respondents. [817 NYS2d 270]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered September 16, 2004, in a declaratory judgment action involving the validity of the 2003 amendments to defendant religious organization's 1977 charter, dismissing the complaint pursuant to CPLR 3211 as barred by the US Constitution First Amendment, unanimously affirmed, without costs. Appeals from orders, same court and Judicial Hearing Officer (J.H.O.), entered on or about August 11, 2004 and December 13, 2004, which respectively denied defendant's motion to dismiss and plaintiffs' motion to renew, unanimously dismissed, without costs.

Defendant may be technically correct that its members, for corporate as opposed to religious purposes (*see Islamic Ctr. of Harrison, Pa. v Islamic Science Found.*, 216 AD2d 357 [1995]), are the members of the Archdiocesan Clergy-Laity Congress, which is the successor of the "governing or advisory body" that incorporated it (*see* Religious Corporations Law § 15 [1]). Defendant may also be correct that a plaintiff must be a member of the Congress at the time he or she files suit (*see Miller v Miller*, 256 App Div 846 [1939], *affd* 280 NY 716 [1939]). However, if

one were to accept these arguments, defendant's members would be able to sue it only during a four-to-eight-day window once every two years; and, therefore, as a practical matter, defendant's actions would be insulated from judicial review. To avoid such a result (*see Babigan v Wachtler*, 133 Misc 2d 111, 112 [1986], *affd* 126 AD2d 445 [1987], *affd* 69 NY2d 1012 [1987]; *Grant v Cuomo*, 130 AD2d 154, 159 [1987], *affd* 73 NY2d 820 [1988]), we find that plaintiffs, as members of Greek Orthodox parishes, are also members of defendant (*see Dimas v Greek Orthodox Archdiocese of Am.*, NYLJ, June 17, 1999, at 31, col 2). Nor will defendant be heard to argue that plaintiffs lack standing by reason of the 1999 amendment to its certificate of incorporation stating that it has no members, when, thereafter, it argued that it did have members and succeeded in getting a lawsuit dismissed on that basis (*see Gale P. Elston, P.C. v Dubois*, 18 AD3d 301, 303 [2005]). Similarly, because plaintiffs instituted this lawsuit in February 2004, defendant cannot argue lack of standing on the basis of its July 2004 regulations stating that it is not a membership organization.

Although plaintiffs have standing, and although the action is not moot and does not merely seek an advisory opinion, it must be dismissed because it involves a question of internal governance of a hierarchical church (*see Serbian Eastern Orthodox Diocese for United States and Canada v Milivojevich*, 426 US 696 [1976]; *and see Maryland and Virginia Eldership of Churches of God v Church of God at Sharpsburg, Inc.*, 396 US 367, 369 n 1 [1970] [Brennan, J., concurring] [categorizing church government as either "hierarchical" or "congregational"]; *accord First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.*, 62 NY2d 110, 114 [1984], *cert denied* 469 US 1037 [1984]). On the basis of the very charter on which plaintiffs rely, they cannot successfully dispute that the Greek Orthodox Church is hierarchical. And while it may at first appear that neutral principles of law can be applied to decide whether defendant's 1977 charter was properly amended pursuant to article XXIV thereof, if this case were to proceed further, a trial court would ultimately be required to decide whether the Ecumenical Patriarch had authority unilaterally to grant a charter to defendant in 2003—clearly, a religious matter (*see First Presbyt. Church*, 62 NY2d at 117).

Plaintiffs contend that since the courts would intervene if members of a nonreligious not-for-profit corporation claimed that the corporation's charter had not been properly amended, a decision not to intervene in the instant dispute would improperly discriminate against religion. While plaintiffs may

raise this issue of law for the first time on appeal (*see Carnegie Hall Corp. v City Univ. of N.Y.*, 286 AD2d 214, 215 [2001]), their argument is unavailing (*see Locke v Davey*, 540 US 712 [2004]). Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.