■ In the Matter of ONEIDA INDIAN NATION OF NEW YORK, Appellant, v TANYA M. PIFER, as Assessor of the Town of Lenox, et al., Respondents. (And Six Other Related Proceedings.) [840 NYS2d 672]—

Kane, J. Appeal from an order of the Supreme Court (McDermott, J.), entered July 31, 2006 in Madison County, which, in seven combined proceedings pursuant to RPTL article 7 and/or CPLR article 78 and actions for declaratory judgment, denied petitioner's motion to discontinue, without prejudice, its challenges to tax assessments levied on properties in Madison County.

After the United States Supreme Court held that petitioner was precluded from asserting its sovereign immunity as a defense to local taxation of property it recently purchased in the open market (*City of Sherrill v Oneida Indian Nation of N. Y.*, 544 US 197 [2005]), respondent County of Madison maintained tax foreclosure proceedings against petitioner based on petitioner's failure to pay real property taxes to the County. Petitioner commenced a federal action seeking to enjoin the County from collecting delinquent taxes via foreclosure. At the same time, petitioner commenced these seven combined actions and proceedings to enjoin respondents from assessing and taxing petitioner's land, and seeking declarations that petitioner's land

is exempt from taxation and has no taxable value. Respondents moved to dismiss these petitions on the merits.

Meanwhile, in the federal action, the United States District Court for the Northern District of New York (Hurd, J.) granted petitioner a permanent injunction, holding that the remedy of foreclosure is not available as a means to collect property taxes against petitioner and, under state law, petitioner's land is exempt from taxation (*Oneida Indian Nation of N.Y. v Madison County*, 401 F Supp 2d 219, 232 [ND NY 2005]).* Following receipt of that decision, petitioner moved to discontinue the instant proceedings without prejudice (*see* CPLR 3217 [b]). Respondents opposed the motion to discontinue. Supreme Court denied petitioner's motion, prompting petitioner's appeal.

The decision whether to grant or deny a motion for discontinuance lies within the sound discretion of the trial court (*see Aison v Hudson Riv. Black Riv. Regulating Dist.*, 279 AD2d 754, 755 [2001]; *Matter of Bronsky-Graff Orthodontics*, 270 AD2d 792, 793 [2000]). In exercising this discretion, a court may consider any prejudice to the defendant, the presence of special circumstances and the public interest (*see Tucker v Tucker*, 55 NY2d 378, 383-384 [1982]; *Winans v Winans*, 124 NY 140, 145, 147-148 [1891]). Additionally, a party should not be permitted to discontinue an action and/or proceeding where the "evident motive" for the request is "simply to avoid an adverse decision on the merits" (*Lui v Chinese-American Planning Council*, 300 AD2d 80, 80 [2002]).

Here, petitioner commenced similar proceedings in federal and state court. Having received a favorable result in federal court, petitioner moved to discontinue these proceedings without prejudice while respondents' motion to dismiss was pending, in an apparent attempt to prevent an adverse decision on the merits. Public policy favors a resolution of these issues, especially considering that the federal decision is being appealed and therefore remains uncertain, petitioner has been involved in litigation with respondents and other municipalities over similar issues for several years and, while the statute of limitations would bar petitioner from bringing another challenge to tax assessments for the year 2005, the underlying legal issues are likely to recur in future years (*cf. Lundin v Mittelman*, 115 NYS2d 775, 776 [1952], *appeal dismissed* 281 App Div 894 [1953]).

Contrary to petitioner's argument that respondents cannot

---

* The County filed a notice of appeal to the United States Court of Appeals for the Second Circuit and we are informed that the case is expected to be argued this summer.

show prejudice because the federal court decision binds them on the merits of this case through collateral estoppel, the issues raised are primarily questions of law "to which collateral estoppel is inapplicable" (*Brown v State of New York*, 9 AD3d 23, 27 n 2 [2004]). Additionally, the issues raised here require interpretation of state statutes. Federal court rulings on issues of state law are not binding on state courts (*see Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 165 [1990]; *Merrill Lynch, Pierce, Fenner & Smith v McLeod*, 208 AD2d 81, 83 [1995]; *Marsich v Eastman Kodak Co.*, 244 App Div 295, 296 [1935], *affd* 269 NY 621 [1936]; *see also Rufino v United States of Am.*, 69 NY2d 310, 311-312 [1987] [declining to accept certified question from federal court where identical issues were raised in state court litigation pending in the appellate division, instead preferring issues to reach Court of Appeals through regular appeals process]). Although Supreme Court should have set forth the basis of its decision, which would permit our review of whether the court abused its discretion in denying petitioner's motion (*see Nutting v Ford Motor Co.*, 189 AD2d 1086, 1087 [1993]; *American Sec. Ins. Co. v Williams*, 176 AD2d 1094, 1095 [1991]), upon exercising our authority to review the record we determine that the motion was properly denied (*see* CPLR 5501 [c]).

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.