In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), entered May 14, 2012, as denied its motion for leave to discontinue the action without prejudice, and granted those branches of the cross motion of the defendant Lori Bisceglie which were, in effect, to vacate an order of the same court (Weiner, J.), dated May 13, 2010, inter alia, granting that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against her and, in effect, to dismiss the action against her with prejudice.
Ordered that the order entered May 14, 2012, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Lori Bisceglie which was, in effect, to dismiss the action against her with prejudice, and substituting therefor a provision denying that branch of her cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings on the complaint consistent herewith.
The instant action to foreclose a mortgage on the residence of the defendant Lori Bisceglie was commenced in June 2009. Bisceglie asserted, as an affirmative defense, inter alia, that the plaintiff rejected her efforts to cure her default of her obligations under the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Bisceglie, based upon the affidavit of Jeffery Stephan, who described himself as a “Limited Signing Officer.” Stephan stated that, based upon his “knowledge of the facts of this case,” Bisceglie was in default of her obligations under the mortgage. *875 He further stated that there were certain facts set forth in schedule E to the complaint that he knew “to be true of [his] own knowledge,” to wit, that the date of the default was March 1, 2009, and the amount due as of June 18, 2009, was $7,278.12. Stephan further stated that Bisceglie “failed to timely cure the default”; therefore, he explained that the “[p]laintiff has elected to . . . demand the full amount due” pursuant to the acceleration clause in the mortgage. After Bisceglie submitted an affirmation in opposition, that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against Bisceglie was granted in an order dated May 13, 2013, as the Supreme Court concluded that the plaintiff established its entitlement to judgment as a matter of law, and that Bisceglie failed to submit evidentiary proof in admissible form sufficient to raise a triable issue of fact.
Thereafter, the plaintiff moved, among other things, to cancel the notice of pendency filed in connection with the mortgaged property, and for leave to discontinue the instant action without prejudice. In support of the motion, the plaintiff’s attorney stated in an affirmation that, on June 21, 2011, he received instructions from his client to “stop this foreclosure proceeding and close this file, due to an issue with the default notification.”
Bisceglie cross-moved, in effect, to vacate the order dated May 13, 2013, and, in effect, to dismiss the action against her with prejudice. Bisceglie also sought compensatory damages, costs, and legal fees, and such “further relief as may be just, proper and equitable.” In support of her cross motion, Bisceglie submitted her own affidavit, stating, inter alia, that it was brought to her attention that the plaintiff was the subject of an investigation in connection with its employment of a “Limited Signing Officer” who signed thousands of affidavits with no knowledge as to the truth of their contents. Therefore, she asked, in effect, that the order dated May 13, 2010, be vacated, and that the action against her be dismissed on the ground that “fraudulent documents” were filed with the court. The plaintiff did not refute those allegations.
The Supreme Court, in the order appealed from, explained that the plaintiff moved to discontinue the action without prejudice and cancel the notice of pendency, “averring [that] it cannot move forward with the foreclosure ‘due to an issue with the default notification’, without specifying what the ‘issue’ is” (emphasis added). The court denied the plaintiff’s motion, granted those branches of Bisceglie’s cross motion which were, in effect, to vacate the order dated May 13, 2010, and, in effect, to dismiss the action against her with prejudice, directed cancel *876 lation of the notice of pendency, and denied Bisceglie’s request for compensatory damages, costs, and legal fees.
A motion for leave to discontinue an action without prejudice should be granted unless there are reasons which would justify its denial (see Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622 [2013]). Such a determination “rests within the sound discretion of the court,” and the motion should be granted “[i]n the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences” (Expedite Video Conferencing Servs., Inc. v Botello, 67 AD3d 961, 961 [2009]), including an adverse determination of the court (see Kaplan v Village of Ossining, 35 AD3d 816 [2006]) or the consequences of a potentially adverse determination (see e.g. Rosenfeld v Renika Pty. Ltd., 84 AD3d 703 [2011]; McMahan v McMahan, 62 AD3d 619 [2009]; Matter of Oneida Indian Nation of N.Y. v Pifer, 43 AD3d 579 [2007]; Casey v Custom Crushing & Materials, 309 AD2d 726 [2003]; see also Tucker v Tucker, 55 NY2d 378 [1982]). Here, while the plaintiff initially claimed that it was seeking to discontinue the instant action due to an unspecified “issue with the default notification,” it did not refute Bisceglie’s allegation that it was the subject of an investigation into its improper use of a limited signing officer who signed affidavits without knowledge as to the truth of their contents. Under these circumstances, it appears that the plaintiff sought, in actuality, to discontinue the action without prejudice to avoid the adverse consequences of its improper use of a limited signing officer to obtain summary judgment in its favor. Further, Bisceglie suffered prejudice, in that she expended costs and legal fees to defend the plaintiffs motion for summary judgment (see James v U.S. Bank Natl. Assn., 272 FED 47). Therefore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs motion which was for leave to discontinue the action without prejudice.
In the instant case, Bisceglie’s unrefuted allegation that the plaintiffs affidavit in support of its motion for summary judgment, purportedly based upon personal knowledge, was in fact signed by a limited signing officer who had no personal knowledge of the facts, was a proper basis upon which to set aside the determination awarding summary judgment to the plaintiff (see CPLE 5015 [a] [3]; James v U.S. Bank N.A., 272 FRD 47 [D Me 2011]; HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966 [2012]), and to preclude any successive motions for summary judgment (see Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]). Hence, the Supreme Court properly granted that branch of Bisceglie’s motion which was, in effect, to vacate the order dated *877 May 13, 2013, inter alia, granting that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against her. Nonetheless, where a motion for summary judgment is based solely upon an affidavit of someone with no personal knowledge of the facts, that circumstance generally presents only a ground for the denial of summary judgment (see HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966 [2012]), not a ground to dismiss the action. Bisceglie failed to establish grounds to dismiss the action against her with prejudice, and there is no basis in this record supporting that request for relief. Accordingly, the Supreme Court improperly granted that branch of Bisceglie’s cross motion which was, in effect, to dismiss the action against her with prejudice.
The plaintiffs remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.E, Angiolillo, Roman and Hinds-Radix, JJ., concur.