Matter of Yonkers Firefighters v City of Yonkers (2018 NY Slip Op 06751)





Matter of Yonkers Firefighters v City of Yonkers


2018 NY Slip Op 06751


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-02470
 (Index No. 3914/14)

[*1]In the Matter of Yonkers Firefighters, etc., et al., appellants, 
v
City of Yonkers, respondent.


Archer, Byington, Glennon and Levine, LLP, Melville, NY (John H. Byington of counsel), for appellants.
Michael V. Curti, Corporation Counsel, Yonkers, NY (Coughlin & Gerhart, LLP [Paul J. Sweeney], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of Yonkers dated August 22, 2014, terminating the employment of the petitioner Christopher Giardini, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), entered February 16, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner Christopher Giardini was appointed to a 12-month probationary term as a firefighter with the Yonkers Fire Department on February 15, 2013. He sustained an injury during firefighter training on February 21, 2013, and, on March 1, 2013, was placed on light duty. In August 2013, Giardini was medically cleared to return to full duty and re-enter firefighter training.
By stipulation of settlement dated August 27, 2013, Giardini agreed to a seven-month extension of his probationary term, to September 1, 2014. The stipulation acknowledged that Giardini had been working in an administrative capacity since his February 21, 2013, injury, and had failed to complete firefighter training. Giardini began firefighter training for the second time in September 2013. On September 5, 2013, he sustained another injury and was again placed on light duty. Giardini was medically cleared to return to full duty on July 31, 2014. By letter dated August 22, 2014, the City of Yonkers terminated Giardini from his probationary employment as a firefighter, effective August 24, 2014.
Giardini and the Yonkers Firefighters, Local 628, International Association of Firefighters, AFL-CIO (hereinafter together the petitioners), filed a demand for arbitration with the American Arbitration Association on December 4, 2014, alleging that Giardini's probationary employment ripened into a permanent position as of February 2014, and that his employment had been improperly terminated in violation of a collective bargaining agreement with the City. Two weeks later, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the determination terminating Giardini's probationary employment as a firefighter. The petition alleged that Giardini's probationary period had ended prior to the termination of his employment, and that he was therefore entitled to the protections of Civil Service Law § 75 for permanent employees.
While this CPLR article 78 proceeding was pending, on September 26, 2015, the petitioners received an arbitration award determining that Giardini's employment became permanent prior to the termination of his employment, and directing his reinstatement to the position of firefighter with back pay. Following receipt of the arbitration award, the petitioners moved pursuant to CPLR 3217 to discontinue this CPLR article 78 proceeding on the ground that the issues raised in the proceeding had been resolved via the arbitration award. The return date of the motion was December 4, 2015. By order dated November 25, 2015, the Supreme Court denied the motion. Thereafter, by judgment entered February 16, 2016, the court denied the petition and dismissed the CPLR article 78 proceeding. The petitioners appeal.
The Supreme Court should not have denied the petitioners' motion to discontinue prior to the indicated return date (see CPLR 3215[b]). Nevertheless, upon exercise of this Court's authority to review the record, including the reply papers ultimately submitted by the petitioners, we find that the motion was properly denied (see Matter of Oneida Indian Nation of N.Y. v Pifer, 43 AD3d 579, 581). A motion to discontinue should not be granted where discontinuance is being sought in an apparent attempt to avoid the consequences of a potentially adverse determination (see Tucker v Tucker, 55 NY2d 378, 383-384; Matter of Catherine Commons, LLC v Town of Orangetown, 157 AD3d 785, 785; Marinelli v Wimmer, 139 AD3d 914, 915; New York Mtge. Trust, Inc. v Dasdemir, 116 AD3d 679; Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686, 687; Matter of Oneida Indian Nation of N.Y. v Pifer, 43 AD3d 579; Kaplan v Village of Ossining, 35 AD3d 816, 817). Here, the petitioners' motion to discontinue was made after they received a favorable arbitration award concerning the very same issues raised in the CPLR article 78 proceeding, in an apparent attempt to evade a determination on the merits in the CPLR article 78 proceeding adverse to the favorable determination obtained in arbitration (see Matter of Oneida Indian Nation of N.Y. v Pifer, 43 AD3d 579).
" The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law'" (Matter of Marshall v Simon, 160 AD3d 648, 648-649, quoting Matter of Lane v City of New York, 92 AD3d 786, 786). A period of probationary employment is " measured by the number of days a probationer is actually working on the job'" (Matter of Marshall v Simon, 160 AD3d at 649, quoting Tomlinson v Ward, 110 AD2d 537, 538; see Matter of Boyle v Koch, 114 AD2d 78, 80), and "may be extended by the number of days that the probationary employee does not perform the duties of the position" (Matter of Marshall v Simon, 160 AD3d at 649; see 4 NYCRR 4.5[g]; City of Yonkers Municipal Service Rules for the Classified Service XVI[4]; Matter of Skidmore v Abate, 213 AD2d 259, 259-260).
Here, the record demonstrates that Giardini's probationary period was properly extended to September 1, 2014, to reflect the amount of time that he spent absent from performing the duties attendant to the position of firefighter (see NYCRR 4.5[g]; City of Yonkers Municipal Service Rules for the Classified Service XVI[4]; Matter of Marshall v Simon, 160 AD3d 648). The termination of Giardini's employment therefore occurred while he was a probationary employee (see Matter of Marshall v Simon, 160 AD3d 648; Matter of Skidmore v Abate, 213 AD2d at 259-260). Consequently, termination of Giardini's employment without notice of charges, a statement of reasons, or a hearing pursuant to Civil Service Law § 75, was proper (see Matter of Marshall v Simon, 160 AD3d 648). Since the petitioners failed to demonstrate that Giardini was terminated from his probationary position in bad faith, for a constitutionally impossible purpose, or in violation of law, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
DILLON, J.P., LEVENTHAL, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court