■ JULES CORRIEL, Respondent, v VOLKSWAGEN OF AMERICA, INC., Appellant, et al., Defendant. (And a Third-Party Action.) —In an action to recover damages for personal injuries, the defendant Volkswagen of America, Inc., appeals from so much of an order of the Supreme Court, Kings County (Rader, J.), dated May 12, 1986, as denied stated portions of its motion to dismiss the complaint for willful failure to comply with certain discovery demands, or, in the alternative, for an order compelling the plaintiff to fully respond to the same.

Ordered that the order is modified by (1) deleting the provision which denied that branch of the motion which was to compel plaintiff to fully respond to the appellant's interrogatories, and substituting therefor a provision directing the plaintiff to provide further answers to the interrogatories in proper form, signed by the plaintiff and under oath; (2) deleting the provisions which denied those branches of the motion which were to compel plaintiff to comply with two of the appellant's notices to produce both dated September 30, 1985, which demanded information and authorizations as to the

plaintiff's claims for certain benefits and medical reports and records, and substituting therefor a provision granting those branches of the motion; and (3) adding a provision thereto that failure to provide such further answers or to comply with the aforenoted notices to produce shall preclude the plaintiff from offering any proof at trial to the extent that he does not provide the information requested in accordance therewith. As so modified, the order is affirmed insofar as appealed from, with costs to the appellant. The plaintiff's time to provide further answers to the interrogatories and to comply with the aforenoted notices to produce is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The appellant served interrogatories on the plaintiff simultaneously with its answer on September 30, 1985. No objection was made thereto (CPLR 3133) nor did the plaintiff move for a protective order (CPLR 3103). On or about December 18, 1985, unverified answers to the interrogatories were served by the plaintiff's counsel. The answers did not comply with the requirements of CPLR 3134 which provides that such answers shall be "in writing under oath by the party upon whom served" and "shall be preceded by the question to which it responds". The plaintiff's answers were in an incorrect form and lacked the requisite verification. The plaintiff failed to respond to a number of interrogatories, responded in several instances by the word "Declined" and answered many of the remaining interrogatories in a nonresponsive or general manner. Under these circumstances, the Supreme Court should have granted that branch of the appellant's motion which was to compel the plaintiff to properly respond to the interrogatories. The failure of a party to make a timely motion to strike interrogatories forecloses all inquiry into the propriety of the information sought except as to requests for matter privileged under CPLR 3101 (see, e.g., Long Is. Region Natl. Assn. for Advancement of Colored People v Town of N. Hempstead, 94 AD2d 789; Blessin v Greenberg, 89 AD2d 862; Lane—Real Estate Dept. Store v Ziv Chestnut Realty Corp., 76 AD2d 902). No claim of privilege is raised by the plaintiff. Therefore, the plaintiff must respond to the interrogatories with the specificity demanded by the appellant. We further note that the supplemental answer to interrogatory No. 56 which was served by the plaintiff's attorney fails to remedy the deficiency of the first answer to interrogatory No. 56 (see, Wiseman v American Motors Sales Corp., 101 AD2d 859; Schlitter v City of New York, 89 AD2d 979). The appellant is entitled to the

protection of a preclusion order if the information requested is not provided in order to prevent unfair surprise at trial *(see, Wiseman v American Motors Sales Corp., supra; Schlitter v City of New York, supra).*

The appellant also served the plaintiff with numerous other discovery demands. The plaintiff's failure to make a timely motion for a protective order as to the notices in issue pursuant to CPLR 3122 similarly forecloses all inquiry into the propriety of the notices and the information sought to be discovered thereunder, except as to matters privileged under CPLR 3101 *(see, Caveney v Sorrano,* 84 AD2d 557; *cf., Zambelis v Nicholas,* 92 AD2d 936). No claim of privilege has been asserted. Thus, the plaintiff was required to comply with the appellant's multiple notices and produce those items "which are in [his] possession, custody or control" (CPLR 3120 [a] [1] [i]). The plaintiff defended his lack of compliance with the appellant's notice to produce witness information, notice for discovery and inspection of party statements and the demand for accident reports by claiming that he possesses no such information. The plaintiff may not be compelled to produce information that does not exist or which he does not possess *(see, Rosado v Mercedes-Benz of N. Am.,* 103 AD2d 395, 398; *see also, Sullivan v New York City Tr. Auth.,* 109 AD2d 879). We note, however, that the plaintiff's failure to provide the information in his possession would preclude him from later offering proof regarding that information at a trial. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.