■ VIRGINIA BACH et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [757 NYS2d 759] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated July 1, 2002, as denied their motion to strike the answer of the defendants City of New York and New York City Police Department.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to strike the answer of the defendants City of New York and New York City Police Department (hereinafter collectively referred to as the City) for the City's failure to comply with discovery demands (see CPLR 3126 [3]). Actions should be resolved on their merits whenever possible, and the drastic remedy of the striking of a pleading should not be employed without a showing that the failure to comply with discovery demands was willful, contumacious, or in bad faith (see Byrne v City of New York, 301 AD2d 489 [2003]; Vancott v Great Atl. & Pac. Tea Co., 271 AD2d 438 [2000]; Cruzatti v St. Mary's Hosp., 193 AD2d 579 [1993]). Moreover, the Supreme Court is vested with broad discretion in supervising disclosure, and its determination that sanctions are not warranted will not be disturbed absent an improvident exercise of that discretion (see Cruzatti v St. Mary's Hosp.,

*supra*; *Ahroni v City of New York,* 175 AD2d 789 [1991]). The City substantially complied with outstanding discovery requests, and was unable to produce certain documents because they did not exist or were not in its possession (*see Byrne v City of New York, supra; Romeo v City of New York,* 261 AD2d 379, 380 [1999]; *Corriel v Volkswagen of Am.,* 127 AD2d 729, 731 [1987]). Accordingly, there is no basis to disturb the Supreme Court's determination. Florio, J.P., S. Miller, Townes and Mastro, JJ., concur.