■ JOHN BIVONA et al., Respondents, v TRUMP MARINA CASINO HOTEL RESORT et al., Appellants. [782 NYS2d 667]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated March 5, 2004, as denied those branches of their motion which were to vacate an order of the same court dated October 1, 2003, striking their answer unless they provided certain discovery within 30 days and to strike the matter from the inquest calendar.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to vacate the order dated October 1, 2003, and to strike the matter from the inquest calendar are granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Under the circumstances of this case, the Supreme Court

erred in denying those branches of the defendants' motion which were to vacate an order dated October 1, 2003, striking their answer unless they provided certain discovery within 30 days and to strike the matter from the inquest calendar. The defendants established that they complied with the conditional order of preclusion by showing that they either provided the plaintiffs with the discovery requested in their demand for discovery and inspection or that the information requested in the demand did not exist or was not in their possession (*see* CPLR 3120 [1] [i]; *Bach v City of New York,* 304 AD2d 686 [2003]; *Byrne v City of New York,* 301 AD2d 489 [2003]; *Romeo v City of New York,* 261 AD2d 379, 380 [1999]; *Ahroni v City of New York,* 175 AD2d 789 [1991]; *Corriel v Volkswagen of Am.,* 127 AD2d 729, 731 [1987]). We note that the defendants' failure to provide information in their possession would preclude them from later offering proof regarding that information at trial (*see Corriel v Volkswagen of Am., supra* at 731). Altman, J.P., Krausman, Luciano, Mastro and Lifson, JJ., concur.