■ Dikea Kontos, Appellant, v Koakos Syllogos "Ippocrates," Inc., Respondent. [783 NYS2d 653]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated October 24, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, as owner of property adjacent to a public sidewalk, established its entitlement to judgment as a matter of law with respect to an alleged defect in the public sidewalk (see Romero v City of New York, 5 AD3d 657 [2004]). In opposition, the plaintiff relied upon the affidavit of a witness whose full name and address was sought in the defendant's notice to produce. In response to the defendant's notice to produce, the plaintiff claimed she did not know the witness's surname or whereabouts, which she had been told was somewhere in Greece.

Where a party defends a failure to comply with a notice to produce witness information by claiming that he or she does not possess such information, "failure to provide the information in his [or her] possession would preclude him from later offering proof regarding that information" (Corriel v Volkswagen of Am., 127 AD2d 729, 731 [1987]). As noted by the Supreme Court, the plaintiff offered no explanation for failing to disclose the surname and address of this witness until after the filing of the note of issue. Accordingly, the affidavit was improperly submitted. In any event, the affidavit relied upon speculation.

In light of our determination, the plaintiff's remaining contention that the alleged defect was not trivial need not be addressed. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.