■ EURO-CENTRAL CORP., Respondent, v DALSIMER, INC., et al., Defendants, and TIMOTHY DALSIMER, Appellant. [803 NYS2d 171]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Timothy Dalsimer appeals (1) from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated May 5, 2004, as granted the plaintiff's cross motion to strike his answer, and (2), as limited by his brief, from so much of an order of the same court entered August 19, 2004, as, in effect, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the order dated May 5, 2004, is dismissed, as that order was superseded by the order entered August 19, 2004, in effect, upon reargument and renewal; and it is further,

Ordered that the order entered August 19, 2004, is reversed insofar as appealed from, on the law and as a matter of discretion, and, upon reargument and renewal, the plaintiff's cross motion is denied, and the order dated May 5, 2004, is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Upon reargument and renewal, the plaintiff's cross motion to strike the appellant's answer based upon his failure to comply with discovery demands should have been denied (*see* CPLR 3126 [3]). Actions should be resolved on their merits whenever possible, and the drastic remedy of the striking of a pleading should not be employed without a showing that the failure to comply with discovery demands was willful, contumacious, or in bad faith (*see Rowell v Joyce*, 10 AD3d 601 [2004]; *Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339 [2004]; *Bach v City of New York*, 304 AD2d 686 [2003]; *Byrne v City of New York*, 301 AD2d 489 [2003]). The appellant responded to the plaintiff's notice for discovery and inspection by asserting that the documents requested by the plaintiff do not exist, are not in his possession, or cannot be located. The appellant cannot be compelled to produce documents which do not exist or are not in his possession (*see Bivona v Trump Mar. Casino Hotel Resort*, 11 AD3d 574 [2004]; *Gatz v Layburn*, 9 AD3d 348 [2004]; *Bach v City of New York, supra*). Since there was no showing that the appellant's discovery defaults were willful, contumacious, or in bad faith (*see Ahroni v City of New York*, 175 AD2d 789 [1991]), upon reargument and renewal, the plaintiff's cross motion should have been denied. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.