ABRAHAM SAGIV et al., Appellants, v FRANCIS W. GAMACHE, JR., et al., Respondents. [810 NYS2d 481]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 3, 2004, as granted the defendants' motion for a protective order striking the plaintiffs' notice to admit dated November 11, 2003, and denied those branches of their cross motion which were to compel the disclosure of certain materials or, in the alternative, preclude the defendants from relying upon them at trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court properly granted the defendants' motion for a protective order striking the plaintiffs' notice to admit. "The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial" (*DeSilva v Rosenberg*, 236 AD2d 508, 508 [1997]; *see Rosenfeld v Vorsanger*, 5 AD3d 462 [2004]). Here, the plaintiffs' notice improperly addressed ultimate issues at the core of the dispute and demanded that the defendants admit, inter alia, that the surgery performed by the defendant Francis W. Gamache, Jr. (hereinafter Dr. Gamache), was a proximate cause of the plaintiff Abraham Sagiv's injury.

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was to compel disclosure of the medical literature Dr. Gamache referenced, but was allegedly unable to specifically recall, during his deposition (*see* CPLR 3124) or, in the alternative, to preclude the defendants from relying upon that information at trial (*see* CPLR 3126). It cannot be presently determined as a matter of law whether the witness' failure to identify a particular source was either willful or in bad faith. Moreover, while it is well settled that a plaintiff in a medical malpractice action may inquire during a deposition as to a defendant physician's expert opinion (*see McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20 [1964]; *Orner v Mount Sinai Hosp.*, 305 AD2d 307, 309 [2003]; *Vega v LaPalorcia*, 281 AD2d 623, 624 [2001]; *Johnson v New York City Health & Hosps. Corp.*, 49 AD2d 234, 236 [1975]), Dr. Gamache was not appearing as the defendants' expert and the alternative theory of causation he proffered was not posited with a reasonable degree of medical certainty. In any event, a party may not be compelled to produce or sanctioned for failing to produce information which he does not possess (*see Gatz v Layburn*, 9 AD3d 348, 350 [2004]; *Corriel v Volkswagen of Am.*, 127 AD2d 729, 731 [1987]). A failure to provide the information in his possession will, however, preclude him from later offering proof regarding that information at trial (*see Bivona v Trump Mar. Casino Hotel Resort*, 11 AD3d 574, 575 [2004]; *Kontos v Koakos Syllogos "Ippocrates," Inc.*, 11 AD3d 661 [2004]; *Corriel v Volkswagen of Am., supra* at 731).

Finally, contrary to the plaintiffs' contention, a determination as to the admissibility of this anticipated defense prior, inter alia, to the defendants' service of a response to their demand for expert witness information (*see* CPLR 3101 [d] [1] [i]) is premature.

The plaintiffs' remaining contentions are either academic or without merit. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.