■  GAIL MAFFAI et al., Respondents, v COUNTY OF SUFFOLK, Appellant, et al., Defendants. [829 NYS2d 566]—

In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 30, 2006, which granted that branch of the plaintiffs' motion pursuant to CPLR 3126 (3) which was, in effect, to strike its eighth affirmative defense for its failure to comply with discovery demands.

Ordered that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, and the motion is denied.

Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike parts of a pleading as a sanction against a party who has failed to comply with court-ordered discovery (*see* CPLR 3126 [3]; *Byrne v City of New York*, 301 AD2d 489, 490 [2003]; *Barth v City of New York*, 294 AD2d 386, 387 [2002]; *Espinal v City of New York*, 264 AD2d 806 [1999]). However, the extreme sanction of striking an affirmative defense is inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious (*see Santigate v Linsalata*, 304 AD2d 639, 641 [2003]; *Byrne v City of New York, supra; Harris v City of New York*, 211 AD2d 663, 664 [1995]).

The record demonstrates that the appellant substantially complied with outstanding discovery requests, and was unable to produce certain documents because they did not exist or were not in its possession (*see Euro-Central Corp. v Dalsimer, Inc.*, 22 AD3d 793, 794 [2005]; *Bach v City of New York*, 304 AD2d 686, 687 [2003]; *Romeo v City of New York*, 261 AD2d 379, 380 [1999]). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was, in effect, to strike the appellant's eighth affirmative defense. Miller, J.P., Spolzino, Krausman, Fisher and Dillon, JJ., concur.