In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated January 8, 2010, which granted the plaintiffs motion pursuant to CPLR 3126 to strike the answer for failure to comply with discovery demands.
Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs motion is denied.
Pursuant to CPLR 3126, “[a] court may strike an answer as a sanction if a defendant ‘refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed’ ” (Mazza v Seneca, 72 AD3d 754, 754 [2010], quoting CPLR 3126). While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (see CPLR 3126 [3]; Kihl v Pfeffer, 94 NY2d 118, 122-123 [1999]; Bernal v Singh, 72 AD3d 716, 717 [2010]), the drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands is willful or contumacious (see CPLR 3126 [3]; Moray v City of Yonkers, 76 AD3d 618 [2010]).
Here, there was no clear showing that the defendants’ conduct was willful or contumacious (see Dank v Sears Holding Mgt. Corp., 69 AD3d 557 [2010]). Rather, the defendants substantially complied with their discovery obligations and, where demanded documents could not be found, the defendants provided affidavits showing that good faith efforts had been made to locate the documents (see Argo v Queens Surface Corp., 58 AD3d 656, 656-657 [2009]; Maffai v County of Suffolk, 36 AD3d 765, 766 [2007]; Sagiv v Gamache, 26 AD3d 368, 369 [2006]). Accordingly, it was an improvident exercise of discretion to strike the answer. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.