■ LOP DEVELOPMENT, LLC, Appellant, v ZHL GROUP, INC., et al., Respondents, et al., Defendants. [911 NYS2d 637]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much an order of the Supreme Court, Kings County (Demarest, J.), dated June 1, 2009, as granted that branch of the motion of the defendants ZHL Group, Inc., and Yevgeniy Lvovskity pursuant to CPLR 3126 (3) which was to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendants ZHL Group, Inc., and Yevgeniy Lvovskity pursuant to CPLR 3126 (3) which was to dismiss the complaint insofar as asserted against them is denied.

The plaintiff's current counsel took over this case in December 2008. In February 2009 the plaintiff substantially complied with the discovery request of the defendants ZHL Group, Inc., and Yevgeniy Lvovskity (hereinafter together the defendants), by producing 36 out of the 38 items requested. The plaintiff claims that the remaining two items are not in its possession. ›

The Supreme Court improvidently exercised its discretion in

granting that branch of the defendants' motion pursuant to CPLR 3126 (3) which was to dismiss the complaint insofar as asserted against them absent a clear showing that the plaintiff's failure to comply with court-ordered disclosure was willful and contumacious (*see* CPLR 3126; *Myung Sum Suh v Jung Ja Kim*, 51 AD3d 883 [2008]; *Manko v Lenox Hill Hosp.*, 44 AD3d 1014 [2007]; *Mawson v Historic Props., LLC*, 30 AD3d 480, 481 [2006]; *Garan v Don & Walt Sutton Bldrs., Inc.*, 27 AD3d 521, 523-524 [2006]). The record demonstrates that the plaintiff substantially, albeit tardily, complied with outstanding discovery requests (*see Myung Sum Suh v Jung Ja Kim*, 51 AD3d at 883; *Manko v Lenox Hill Hosp.*, 44 AD3d at 1014), and that it was unable to produce certain documents because they were not in its possession (*see Maffai v County of Suffolk*, 36 AD3d 765, 766 [2007]; *Euro-Central Corp. v Dalsimer, Inc.*, 22 AD3d 793, 794 [2005]; *Bivona v Trump Mar. Casino Hotel Resort*, 11 AD3d 574 [2004]).

In light of our determination, we need not reach the plaintiff's remaining contention. Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.