■ MARIO NUNEZ, Respondent, v WESLEY LAIDLAW et al., Appellants. [52 NYS3d 653]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.),

dated January 12, 2016, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was to strike the answer is denied.

In this action to recover damages for personal injuries arising from a motor vehicle/bicycle collision, the parties entered into a written stipulation dated December 16, 2014, so-ordered by the Supreme Court, which stated that the defendants would provide, within 20 days, inter alia, "the insurance" of Maria Laidlaw, the mother of the defendant Wesley Laidlaw (hereinafter Wesley), the full name and last known addresses of witnesses Earl Settles and Trevor, authorizations for the property damage file, and photographs taken by Wesley of his vehicle. On January 21, 2015, the defendants served a response to the discovery demanded, stating that they did not have access to the insurance policy of Wesley's mother, are not aware of the addresses of Earl Settles and Trevor, and are not in possession of any property damage file or photographs. By motion dated January 22, 2015, the plaintiff moved to strike the answer, to compel the defendants to produce discovery, or to preclude the defendants from offering any evidence or testimony at the time of trial. In an order entered July 14, 2015, the court granted that branch of the plaintiff's motion which was to preclude the defendants from offering any testimony at trial of the witnesses Earl Settles and Trevor unless their last known addresses were provided within 60 days before trial, and directed the defendants to produce the insurance policy of Wesley's mother and certain photographs allegedly taken by Wesley. When the defendants failed to comply, the plaintiff moved to strike the answer or preclude the defendants from offering evidence or testimony at the time of trial. The defendants' papers in opposition included Wesley's affidavit, which stated that the items were not in his possession. In the order appealed from dated January 12, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to strike the answer. The defendants appeal.

Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (*see Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33

AD3d 737 [2006]; *Euro-Central Corp. v Dalsimer, Inc.*, 22 AD3d 793, 794 [2005]). Although a party may not be compelled to produce or sanctioned for failing to produce information that is not in his or her possession or control (*see* CPLR 3120 [1] [i]; *Sagiv v Gamache*, 26 AD3d 368 [2006]; *Gatz v Layburn*, 9 AD3d 348, 350 [2004]; *Corriel v Volkswagen of Am.*, 127 AD2d 729, 731 [1987]), the failure to provide information in his or her possession or control precludes the party from later offering proof regarding that information at trial (*see Vaz v New York City Tr. Auth.*, 85 AD3d 902, 903 [2011]; *Bivona v Trump Mar. Casino Hotel Resort*, 11 AD3d 574, 575 [2004]; *Kontos v Koakos Syllogos "Ippocrates," Inc.*, 11 AD3d 661 [2004]; *Corriel v Volkswagen of Am.*, 127 AD2d at 731).

Here, the defendants demonstrated that the court-ordered discovery was not in their possession or control, or could not be located (*see Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]; *Maffai v County of Suffolk*, 36 AD3d 765, 766 [2007]; *Euro-Central Corp. v Dalsimer, Inc.*, 22 AD3d at 794). Under the circumstances of this case, there was no clear showing that the defendants' failure to produce items of discovery was willful and contumacious, since, inter alia, the defendants complied, albeit tardily, with some discovery demands and demonstrated that other items of the discovery requested were not in their possession or control, or could not be located (*see* CPLR 3101 [d] [2]; *Poveromo v Kelley-Amerit Fleet Servs., Inc.*, 127 AD3d 1048 [2015]; *Argo v Queens Surface Corp.*, 58 AD3d 656, 657 [2009]; *Davila v Environmental Prods. & Servs.*, 270 AD2d 224 [2000]; *Sprague v International Bus. Machs. Corp.*, 114 AD2d 1025 [1985]). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the answer. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.