Cap Rents Supply, LLC v Durante (2018 NY Slip Op 08458)





Cap Rents Supply, LLC v Durante


2018 NY Slip Op 08458


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-11709
 (Index No. 3401/10)

[*1]Cap Rents Supply, LLC, plaintiff/counterclaim defendant-appellant, 
v
Steven Durante, et al., defendants/counterclaim plaintiffs-respondents, et al., defendant/counterclaim plaintiff; Frank Caporaso, additional counterclaim defendant-appellant.


Anthony J. LoPresti, Garden City, NY (Gail M. Blasie of counsel), for plaintiff/counterclaim defendant-appellant and additional counterclaim defendant-appellant.
Law Office of Daniel R. Olivieri, P.C., Jericho, NY, for defendants/counterclaim plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff/counterclaim defendant and the additional counterclaim defendant appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 7, 2016. The order denied the motion of the plaintiff/counterclaim defendant and the additional counterclaim defendant pursuant to CPLR 3126 to preclude the defendants/counterclaim plaintiffs Steven Durante and Croton Supply Corp. from introducing at trial evidence relating to their defense and to strike their answer based on their failure to comply with court-ordered discovery, and pursuant to CPLR 5015(a)(1) to vacate a conditional order of preclusion of the same court entered May 15, 2014, granting the unopposed motion of the defendants/counterclaim plaintiffs Steven Durante and Croton Supply Corp. pursuant to CPLR 3126, inter alia, to preclude the plaintiff/counterclaim defendant from offering evidence at trial in support of its claims based on its failure to comply with discovery demands.
ORDERED that the order entered October 7, 2016, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the plaintiff/counterclaim defendant and the additional counterclaim defendant which was pursuant to CPLR 3126 to preclude the defendants/counterclaim plaintiffs Steven Durante and Croton Supply Corp. from introducing at trial evidence of certain invoices of the defendant/counterclaim plaintiff Croton Supply Corp., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On February 19, 2010, the plaintiff/counterclaim defendant, Cap Rents Supply, LLC (hereinafter Cap), commenced this action, inter alia, to recover damages for breach of contract and breach of the duty of good faith and loyalty. After the parties exchanged discovery demands, the defendants/counterclaim plaintiffs Croton Supply Corp. (hereinafter Croton) and Steven Durante (hereinafter together the respondents) moved pursuant to CPLR 3126 to strike the complaint insofar as asserted against them or, in the alternative, to preclude Cap from offering evidence at trial in [*2]support of its claims, based on the failure of Cap and the additional counterclaim defendant, Frank Caporaso (hereinafter together the appellants), to comply with a combined demand for discovery and inspection, a second demand for discovery and inspection, and a demand for a verified bill of particulars. The appellants served responses dated January 27, 2014, to the respondents' second demand for discovery and inspection and the demand for a verified bill of particulars, but failed to oppose the respondents' motion. In an order entered May 15, 2014, the Supreme Court granted that branch of the respondents' motion which was to preclude Cap from offering evidence at trial in support of its claims unless Cap fully complied with the respondents' discovery demands within 45 days after service of a copy of the order with notice of entry.
Thereafter, the appellants moved pursuant to CPLR 3126 to preclude the respondents from introducing at trial evidence relating to their defense and to strike their answer based on the respondents' failure to comply with the appellants' discovery demands, or to compel the respondents to respond to the appellants' demand for discovery and inspection and interrogatories. The respondents provided the appellants with the discovery requested and opposed the motion. For the first time in reply, the appellants asserted that the only items of discovery outstanding were the invoices of Croton and the defendant/counterclaim plaintiff Iron Age Tool Corp. (hereinafter Iron Age). In an order entered April 28, 2015, the Supreme Court granted that branch of the appellants' motion which was to compel the respondents to produce the invoices of Croton and Iron Age. The respondents moved for leave to reargue their opposition to the appellants' motion. In a reply affidavit, Durante stated that the invoices could not be located, and that he had no control over Iron Age. The court granted leave to reargue and, upon reargument, adhered to its prior determination compelling the respondents to provide the invoices.
In February 2016, the appellants moved pursuant to CPLR 3126 to preclude the respondents from introducing at trial evidence relating to their defense and to strike their answer based upon the respondents' failure to comply with the order entered April 28, 2015, and pursuant to CPLR 5015(a)(1) to vacate the conditional order of preclusion entered May 15, 2014. In the order appealed from, the Supreme Court denied the appellants' motion.
Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (see Nunez v Laidlaw, 150 AD3d 1124, 1126; Harris v City of New York, 117 AD3d 790; Almonte v Pichardo, 105 AD3d 687, 688). Although a party may not be compelled to produce or sanctioned for failing to produce information that does not exist or is not in its possession or control (see CPLR 3120[1][i]; Sagiv v Gamache, 26 AD3d 368; Euro-Central Corp. v Dalsimer, Inc., 22 AD3d 793, 794; Gatz v Layburn, 9 AD3d 348, 350), the failure to provide information in its possession or control precludes the party from later offering at trial evidence regarding that information (see Nunez v Laidlaw, 150 AD3d at 1126; Vaz v New York City Tr. Auth., 85 AD3d 902, 903; Bivona v Trump Mar. Casino Hotel Resort, 11 AD3d 574, 575).
Durante's affidavit demonstrated that the requested invoices of Croton could not be located and that the invoices of Iron Age were not in the respondents' possession or control (see Nunez v Laidlaw, 150 AD3d at 1126). Under the circumstances of this case, there was no clear showing that the respondents' failure to produce the invoices was willful and contumacious, since, inter alia, the respondents complied, albeit tardily, with the appellants' discovery demands and demonstrated that the invoices requested could not be located, or were not in their possession or control (see CPLR 3101[d][2]; Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d 1048; Argo v Queens Surface Corp., 58 AD3d 656, 657; Abbadessa v Sprint, 291 AD2d 363, 364). Nevertheless, the respondents should have been precluded from later offering evidence regarding the requested invoices of Croton that were not produced (see Kontos v Koakos Syllogos "Ippocrates," Inc., 11 AD3d 661; Corriel v Volkswagen of Am., 127 AD2d 729, 731). Accordingly, that branch of the appellants' motion which was to preclude the respondents from introducing at trial evidence of the requested invoices of Croton that were not provided should have been granted.
The appellants admitted that they had notice of the order entered May 15, 2014, on June 3, 2014, more than one year and eight months before they moved to vacate the order. Accordingly, that branch of the appellants' motion which was to vacate the conditional order entered [*3]May 15, 2014, on the ground of excusable neglect under CPLR 5015(a)(1) was properly denied, because it was untimely (see Gainey v Anorzej, 25 AD3d 650, 651; Mauro v Mauro, 13 AD3d 345; Nahmani v Town of Ramapo, 262 AD2d 291).
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.

2016-11709 DECISION & ORDER ON MOTION
Cap Rents Supply, LLC, plaintiff/counterclaim
defendant-appellant, v Steven Durante, et al.,
defendants/counterclaim plaintiffs-respondents,
et al., defendant/counterclaim plaintiff;
Frank Caporaso, additional counterclaim
defendant-appellant.
(Index No. 3401/10)

Motion by the plaintiff/counterclaim defendant-appellant and the additional counterclaim defendant-appellant, inter alia, to strike the brief of the defendants/counterclaim plaintiffs-respondents on an appeal from an order of the Supreme Court, Nassau County, entered October 7, 2016, on the ground that it refers to matter dehors the record or to direct the defendants/counterclaim plaintiffs-respondents to serve and file a replacement brief. By decision and order on motion of this Court dated May 24, 2018, that branch of the motion which is to strike the brief of the defendants/counterclaim plaintiffs-respondents or to direct the defendants/counterclaim plaintiffs-respondents to serve and file a replacement brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the brief of the defendants/counterclaim plaintiffs-respondents on the ground that it refers to matter dehors the record or to direct the defendants/counterclaim plaintiffs-respondents to serve and file a replacement brief is granted to the extent that the following portions of the brief of the defendants/counterclaim plaintiffs-respondents are stricken and have not been considered in the determination of the appeal: (1) the first paragraph on page 9; (2) the references on pages 9 and 10 to "Ecourt" and "Ecourts"; (3) the portion of the second full paragraph on page 10 beginning with the words "At no time" and ending with the word "LoPresti"; and (4) the reference in footnote 5 to a letter dated May 15, 2017; and that branch of the motion is otherwise denied.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court