G & H Restoration, Inc. v Johnson (2022 NY Slip Op 04010)

G & H Restoration, Inc. v Johnson

2022 NY Slip Op 04010

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-10488 
2019-13300
 (Index No. 7904/15)

[*1]G & H Restoration, Inc., respondent,
v
Allan Johnson, etc., et al., defendants, Patrick O'keke, etc., et al., appellants.

Nnebe & Associates, P.C., Brooklyn, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Patrick O'keke and O'keke & Associates, P.C., appeal from (1) an order of the Supreme Court, Kings County (Lizette Colon, J.), dated July 16, 2019, and (2) an order of the same court dated September 18, 2019. The order dated July 16, 2019, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendants Patrick O'keke and O'keke & Associates, P.C. The order dated September 18, 2019, denied the motion of the defendants Patrick O'keke and O'keke & Associates, P.C., for leave to renew and/or reargue their opposition to the plaintiff's prior motion, inter alia, pursuant to CPLR 3126 to strike those defendants' answer.
ORDERED that the order dated July 16, 2019, is reversed insofar as appealed from, on the facts and in the exercise of discretion, that branch of the plaintiff's motion which was to strike the answer of the defendants Patrick O'keke and O'keke & Associates, P.C., is denied, and the answer of those defendants is reinstated; and it is further,
ORDERED that the appeal from so much of the order dated September 18, 2019, as denied that branch of the motion of the defendants Patrick O'keke and O'keke & Associates, P.C., which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated September 18, 2019, as denied that branch of the motion of the defendants Patrick O'keke and O'keke & Associates, P.C., which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated July 16, 2019; and it is further,
ORDERED that one bill of costs is awarded to the defendants Patrick O'keke and O'keke & Associates, P.C.
In this action, inter alia, to recover damages for breach of contract, the plaintiffs moved, inter alia, pursuant to CPLR 3126 to strike the answer of the defendants Patrick O'keke and O'keke & Associates, P.C. (hereinafter together the defendants), due to the defendants' purported failure to comply with certain disclosure demands. In an interim order dated April 23, 2019, the Supreme Court adjourned the plaintiff's motion to June 18, 2019, directed the defendants to respond [*2]to the disclosure demands by May 23, 2019, and further directed that the defendants' failure to comply with that order "may" result in their answer being stricken. In an order dated July 16, 2019, the court, among other things, granted that branch of the plaintiff's motion which was to strike the defendants' answer on the ground that the defendants had failed to comply with the April 23, 2019 order. The defendants appeal.
"Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Cap Rents Supply, LLC v Durante, 167 AD3d 700, 702; see Nunez v Laidlaw, 150 AD3d 1124, 1126).
"[A] party may not be compelled to produce or sanctioned for failing to produce information which he [or she] does not possess" (Sagiv v Gamache, 26 AD3d 368, 369; see Smith v County of Nassau, 138 AD3d 726, 728; Corriel v Volkswagen of Am., 127 AD2d 729, 731).
Here, the defendants demonstrated that the court-ordered discovery was not in their possession or control (see Nunez v Laidlaw, 150 AD3d at 1126; Lomax v Rochdale Vil., Inc., 76 AD3d 999, 999; Maffai v County of Suffolk, 36 AD3d 765, 766). Under the circumstances of this case, there was no clear showing that the defendants' failure to produce the demanded discovery was willful and contumacious (see CPLR 3126). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the defendants' answer (see Nunez v Laidlaw, 150 AD3d at 1126; Maffai v County of Suffolk, 36 AD3d at 766).
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court