Edwards v Freedom Church of Revelation (2024 NY Slip Op 04305)

Edwards v Freedom Church of Revelation

2024 NY Slip Op 04305

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-10131
 (Index No. 701022/20)

[*1]Frances Edwards, respondent, 
v
Freedom Church of Revelation, defendant, Rochdale Village, Inc., et al., appellants.

Baker Greenspan & Bernstein, Bellmore, NY (Cheryl Kravatz of counsel), for appellants.
Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert I. Cohen and Stephen Jacobson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Rochdale Village, Inc., and Marion Scott Real Estate, Inc., appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered August 30, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against them or, in the alternative, to preclude the plaintiff from offering as evidence an affidavit of a nonparty witness or, in the alternative, to compel the plaintiff to comply with certain additional discovery demands.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell at premises owned by the defendants Rochdale Village, Inc., and Marion Scott Real Estate, Inc. (hereinafter together the defendants). The defendants moved, inter alia, pursuant to CPLR 3126 to strike the complaint insofar as asserted against them or, in the alternative, to preclude the plaintiff from offering as evidence an affidavit of a nonparty witness or, in the alternative, to compel the plaintiff to comply with certain additional discovery demands. The defendants contended that the plaintiff failed to timely disclose the affidavit of the nonparty witness. In an order entered August 30, 2023, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Ewa v City of New York, 186 AD3d 1195, 1195-1196 [internal quotation marks omitted]; see Preferred Westchester Props., Inc. v Fay Realty, LLC, 226 AD3d 835, 836). "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Cap Rents Supply, LLC v Durante, 167 AD3d 700, 702; see Nunez v Laidlaw, 150 AD3d 1124, 1125).
Under the totality of the circumstances, the defendants failed to make a clear showing that the plaintiff's delay in identifying the nonparty witness and providing the affidavit of the nonparty witness was the result of willful and contumacious conduct or otherwise warranted dismissal or preclusion of evidence (see Ferjuste v 437 BMW, LLC, 219 AD3d 1308, 1310; Nunez v Laidlaw, 150 AD3d at 1125). We note that, although the plaintiff produced the affidavit tardily, she did so prior to a note of issue being filed (see Ferjuste v 437 BMW, LLC, 219 AD3d at 1310).
The parties' remaining contentions either are without merit or not properly before this Court.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3126 to strike the complaint insofar as asserted against them or, in the alternative, to preclude the plaintiff from offering as evidence the affidavit of the nonparty witness or, in the alternative, to compel the plaintiff to comply with certain additional discovery demands.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court