Hawkins v City of New York (2025 NY Slip Op 02328)

Hawkins v City of New York

2025 NY Slip Op 02328

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00859
 (Index No. 713187/18)

[*1]Sharon Hawkins, appellant, 
v
City of New York, respondent.

Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Jennifer Lerner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 23, 2023. The order denied the plaintiff's motion, in effect, pursuant to CPLR 3216 for a judgment on all issues, to set the matter down for inquest, and to preclude the defendant from offering testimony or affidavits at any subsequent motion or trial.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell because of a defective condition on Liberty Avenue in Queens. In August 2018, the plaintiff commenced this action, alleging, inter alia, that the defendant, City of New York, was negligent in allowing the defective condition to exist.
In July 2023, the plaintiff moved, in effect, pursuant to CPLR 3126 for a judgment on all issues, to set the matter down for inquest, and to preclude the City from offering testimony or affidavits at any subsequent motion or trial. By order entered October 23, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"To the maximum extent possible, discovery disputes should be resolved through informal procedures, such as conferences, as opposed to motion practice" (22 NYCRR 202.20-f[a]; see Bayview Loan Servicing, LLC v Evanson, 230 AD3d 1091, 1092). Further, in the absence of exigent circumstances, "prior to contacting the court regarding a disclosure dispute, counsel must first consult with one another," by an in-person or telephonic conference, in a good-faith effort to resolve all discovery disputes (22 NYCRR 202.20-f[b]). "In the event that a discovery dispute cannot be resolved other than through motion practice, each . . . discovery motion shall be supported by an affidavit or affirmation from counsel attesting to counsel having conducted an in-person or telephonic conference, setting forth the date and time of such conference, persons participating, and the length of time of the conference" (id.). Moreover, "'[a]ctions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with [*2]court-ordered discovery was willful and contumacious'" (Rector v City of New York, 174 AD3d 660, 660-661, quoting Cap Rents Supply, LLC v Durante, 167 AD3d 700, 702; see Nunez v Laidlaw, 150 AD3d 1124, 1126). Here, the plaintiff failed to comply with 22 NYCRR 202.20-f(b) and did not show that the actions of the City in failing to schedule its witness for a deposition constituted willful and contumacious or bad faith conduct that would warrant the drastic remedy of granting the plaintiff a judgment. Further, the plaintiff did not move to compel discovery nor did the plaintiff request a compliance conference prior to moving for a judgment.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court