Tyson v Diallo (2025 NY Slip Op 02952)

Tyson v Diallo

2025 NY Slip Op 02952

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-03513 
2023-03581
2023-09588
2023-10011
 (Index No. 526071/20)

[*1]Shawn Tyson, respondent, 
v
Alpha Diallo, et al., defendants, Uber Technologies, Inc., et al., appellants.

Gartner + Bloom, P.C. (Perkins Coie LLP, New York, NY [H. Rowan Gaither IV and LaMarte Williams, Jr.], of counsel), for appellants.
Blank & Star, PLLC (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Uber Technologies, Inc., Uber USA, LLC, EINS NY, LLC, Raiser, LLC, and Raiser-NYC, LLC, appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 20, 2022, (2) an order of the same court (Rachel E. Freier, J.) dated February 16, 2023, (3) an order of the same court (Richard Velasquez, J.) dated June 7, 2023, and (4) an order of the same court (Leon Ruchelsman, J.) dated September 7, 2023. The order dated December 20, 2022, insofar as appealed from, granted the plaintiff's first motion pursuant to CPLR 3126 to strike those defendants' answers to the extent of directing them to provide certain discovery on or before January 27, 2023. The order dated February 16, 2023, granted the plaintiff's second motion pursuant to CPLR 3126 to strike those defendants' answers to the extent of precluding them from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion on the issue of liability. The order dated June 7, 2023, denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The order dated September 7, 2023, insofar as appealed from, upon reargument, in effect, vacated the determination in the order dated February 16, 2023, granting the plaintiff's second motion pursuant to CPLR 3126 to strike those defendants' answers to the extent of precluding them from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion on the issue of liability, and thereupon granted the plaintiff's second motion.
ORDERED that the appeal from the order dated February 16, 2023, is dismissed as academic, as that order was, in effect, vacated by the order dated September 7, 2023; and it is further,
ORDERED that the order dated December 20, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated June 7, 2023, is affirmed; and it is further,
ORDERED that the order dated September 7, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly was injured when he was struck by a vehicle operated by the defendant Alpha Diallo. In December 2020, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants Uber Technologies, Inc., Uber USA, LLC, EINS NY, LLC, Raiser, LLC, and Raiser-NYC, LLC (hereinafter collectively the Uber defendants), alleging, inter alia, that Diallo was employed by the Uber defendants and acting within the scope of his employment at the time of the accident.
The Uber defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. Thereafter, by notice of motion dated November 20, 2022, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the Uber defendants' answers for failure to comply with discovery (hereinafter the plaintiff's first motion to strike). In an order dated December 20, 2022, the Supreme Court, among other things, granted the plaintiff's first motion to strike to the extent of directing the Uber defendants to provide certain discovery on or before January 27, 2023. The Uber defendants allegedly failed to provide the discovery as directed by the order dated December 20, 2022. By notice of motion dated January 30, 2023, the plaintiff again moved pursuant to CPLR 3126 to strike the Uber defendant's answers (hereinafter the plaintiff's second motion to strike). In an order dated February 16, 2023, the court granted the plaintiff's second motion to strike to the extent of precluding the Uber defendants from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion on the issue of liability. Thereafter, the plaintiff moved for leave to reargue his second motion to strike. In an order dated September 7, 2023, the court, inter alia, granted the plaintiff leave to reargue, and, upon reargument, in effect, vacated the determination in the order dated February 16, 2023, granting the plaintiff's second motion to strike to the extent of precluding the Uber defendants from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion on the issue of liability, and thereupon granted the plaintiff's second motion to strike. Meanwhile, in an order dated June 7, 2023, the court denied the defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The defendants appeal.
"[T]he Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes" (Pizzo v Lustig, 216 AD3d 38, 44 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057). "Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 831, 833, quoting CPLR 3126; see Pizzo v Lustig, 216 AD3d at 44; HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1057). "Since public policy strongly favors the resolution of cases on their merits" (Gregorian v New York Life Ins. Co., 211 AD3d 706, 709), "[b]efore imposing the drastic remedy of striking a pleading, there must be a clear showing that a party's failure to comply with discovery is willful and contumacious" (255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d at 834 [internal quotation marks omitted]; see Pizzo v Lustig, 216 AD3d at 44). "Willful and contumacious conduct may be inferred from a party's conduct, such as by the repeated failure to comply with court-ordered discovery coupled with an inadequate explanation for the failure to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Pizzo v Lustig, 216 AD3d at 45; see Perez v Tedesco, 214 AD3d 1010, 1012; 255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d at 834). "[A] party may not be compelled to produce or sanctioned for failing to produce information which he [or she] does not possess" (G & H Restoration, Inc. v Johnson, 206 AD3d 885, 886-887 [internal quotation marks omitted]).
The Supreme Court providently exercised its discretion in granting the plaintiff's first motion to strike to the extent of directing the Uber defendants to provide certain discovery on or before January 27, 2023 (see Pizzo v Lustig, 216 AD3d at 44). The record demonstrates that, notwithstanding the Uber defendants' assertion that they were not in possession of the requested [*2]documents, certain of the requested documents that they had failed to produce were referenced in an affidavit they submitted in support of their motion for summary judgment. Further, in light of the Uber defendants' failure to thereafter produce the documents referenced in the affidavit as directed by the order dated December 20, 2022, the court, upon reargument, providently exercised its discretion in granting the plaintiff's second motion to strike (see L. K. v City of New York, 210 AD3d 753, 754; 255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d at 834; Montgomery v City of New York, 296 AD2d 386, 386-387). Under these circumstances, the Uber defendants' motion for summary judgment was properly denied (see Garnett v Hudson Rent A Car, 258 AD2d 559, 559).
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court