**Demera v New York City Tr. Auth.**

2025 NY Slip Op 32814(U)

August 12, 2025

Supreme Court, New York County

Docket Number: Index No. 159051/2020

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD TSAI**              PART            21

*Justice*

-----------------------------------------------------------------------------X

DINORAH DEMERA,

                         Plaintiff,

                       - v -

THE NEW YORK CITY TRANSIT AUTHORITY, GIOVANNI ROMANO, EAN HOLDINGS, LLC, ENTERPRISE HOLDINGS, INC., and RANDI JO SEIDNER,

                         Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159051/2020 |
| MOTION DATE | 02/27/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 16, 50-69, 71-83, 115

were read on this motion to/for                     PRECLUDE                 .

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion to strike the answer of defendant Giovanni Romano, or in the alternative for an order of preclusion or conditional preclusion is **GRANTED TO THE EXTENT THAT** defendant Romano is precluded from testifying at trial unless he appears for a deposition at least 45 days prior to the trial, and he is also precluded from submitting an affidavit, affirmation, or any other kind of sworn statement on any motion for summary judgment, including the pending motion for summary judgment by defendants New York City Transit Authority and Romano (Motion Seq. No. 003).

       According to complaint, on October 29, 2019, at approximately 12:30 p.m., plaintiff was a passenger in a vehicle bearing NY license plate number BA9613, operated by defendant Romano, which was involved in a motor vehicle collision with a vehicle bearing a Michigan license plate number DYA4978, operated by defendant Seidner (*see* plaintiff's Exhibit A in support of motion, complaint ¶¶ 8-9, 15, 21 [NYSCEF Doc No. 52]). The motor vehicle collision allegedly occurred on the northbound FDR Drive, near the intersection of East 116th Street (*id.* ¶ 21).

       Plaintiff now moves for discovery sanctions against defendant Romano for repeatedly failing to appear for a deposition, in violation of three prior court orders—a status conference order dated May 13, 2022,[1] a compliance conference dated August

---

[1] The preliminary conference orders dated May 13, 2022 that plaintiff submitted were not signed by the court. Rather, the preliminary conference order was not signed until August 3, 2023 (*see* NYSCEF Doc. No. 20).

159051/2020   DEMERA, DINORAH vs. NEW YORK CITY TRANSIT            Page 1 of 4
Motion No. 002

1 of 4

31, 2023, and a status conference order dated April 25, 2024 (*see* plaintiff's Exhibits D, E, and F in support of motion [NYSCEF Doc. Nos. 63-65, 66-68]).

Defendants New York City Transit Authority (NYCTA) and Romano (collectively, the Transit Defendants) oppose the motion. According to the Transit Defendants' counsel, they lost contact with defendant Romano and that he was not cooperating with them. According to Peter August, a private investigator, his office made phone calls and numerous blind/cold calls to two separate addresses associated with defendant Romano, and was ultimately able to locate him on October 6, 2024 at an address in Floral Park, New York (*see* Transit Defendants' Exhibit B in opposition to motion, August aff ¶¶ 2-6 [NYSCEF Doc. No. 73]). According to August, "Despite meeting with Mr. Roman, confirmation of his availability for an upcoming deposition was not confirmed" (*id.* ¶ 8).

In reply, plaintiff asserts that defendant Romano has also failed to appear for a deposition in violation of a preliminary conference order dated April 8, 2021, a status conference order dated August 5, 2021,[2] a compliance conference order dated November 2, 2023, and a status conference order dated July 18, 2024 (*see* plaintiff's Exhibits A, B, D and F in reply [NYSCEF Doc. No. 81]). Plaintiff also argues that the Transit Defendants' answer should be stricken because the Transit Defendants' counsel essentially admitted that they knew that defendant Romano was unwilling to appear for a deposition, but continued to re-schedule his deposition at multiple court conferences, citing *Pigott v J.C. Happy Garden Corp.* (216 AD3d 413 [1st Dept 2023]).

> "[I]t is well settled that the drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order is appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious or due to bad faith. Willful and contumacious behavior can be inferred by a failure to comply with court orders, in the absence of adequate excuses" (*Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011] [internal citation and quotation marks omitted]).

Here, plaintiff has not shown an unexcused pattern of non-compliance with prior court orders to demonstrate willful and contumacious behavior. Although defendant Romano did not appear for a deposition as scheduled in the status conference order dated August 3, 2023 (*see* NYSCEF Doc. No. 20) and in the compliance conference order dated August 31, 2023 (*see* plaintiff's Exhibit E in support of motion), it is apparent from these orders and the status conference dated April 25, 2024 that plaintiff's deposition had not yet been held.

The Transit Defendants have priority of depositions because they served a demand for plaintiff's deposition with their answer (*see* NYSCEF Doc. No. 16; *see also* CPLR 3106 [a]). Thus, absent proof of waiver of the priority of depositions, plaintiff was

---

[2] The status conference order dated August 5, 2021 was not signed by the court.

**159051/2020   DEMERA, DINORAH vs. NEW YORK CITY TRANSIT**
**Motion No.  002**

Page 2 of 4

2 of 4

[* 2]

not permitted to depose defendant Romano until after plaintiff's deposition was held. Therefore, there is, at most, only one instance of unexplained noncompliance with a court order, with the status conference order dated April 25, 2024.[3]

The court does not consider the additional court orders submitted for the first time in reply, i.e., the preliminary conference order dated April 8, 2021, the unsigned status conference order dated August 5, 2021, the compliance conference order dated November 2, 2023, and a status conference order dated July 18, 2024. In any event, as discussed above, defendant Roman's noncompliance with the prior orders from 2023 was excused because plaintiff's deposition was not held until June 2024. The status conference order dated July 18, 2024 did not direct Romano's deposition.

As plaintiff points out, August's affidavit appears to indicate that efforts to locate defendant Romano began in February 2021, but contact with Romano was apparently not made until October 6, 2023. To the extent that plaintiff argues that Romano should be sanctioned because the Transit Defendants' counsel did not disclose this information earlier, this court declines to follow *Pigott v J.C. Happy Garden* (2020 NY Misc LEXIS 27647 [Sup Ct, Bronx County 2020]).

In *Pigott*, the Supreme Court struck the answer of the defendant/third-party plaintiff because its principal failed to appear for a deposition after seven court-ordered depositions. The court faulted counsel for not disclosing earlier that the principal was suffering a serious medical issue, was out of state recuperating from brain surgery, and would be unable to travel for approximately nine months. Because the court in *Pigott* did not cite any authority for the proposition that counsel has an affirmative duty to disclose to opposing counsel and the court the whereabouts of the client,[4] this court declines to follow *Pigott*.

Notwithstanding the above, " '[i]t is unnecessary to demonstrate willful and contumacious behavior in order to impose a sanction like a monetary sanction or preclusion, as opposed to a more drastic sanction such as the striking of a pleading' " (*Guenzburger v Fernandez*, 219 AD3d 1221, 1221 [1st Dept 2023]). Here, an order preclusion is warranted to prevent unfair surprise at trial and on a motion for summary judgment (*see Corriel v Volkswagen of Am., Inc.*, 127 AD2d 729, 730 [2d Dept 1987]).

As defendant Romano is a party in this action, he was still required to appear for

---

[3] It is not clear from the record that the status conference order dated April 25, 2024 was not complied with, because the parties' counsel had written "ΔRomano/NYCTA to appear on 6/17/24" (*see* plaintiff's Exhibit F in support of motion). According to the Transit Defendants' counsel, the road supervisor was produced for a deposition (*see* affirmation of Transit Defendants' counsel ¶¶ 7-8 [NYSCEF Doc. No. 71]).

[4] Of course, in lieu of disclosing that they had lost contact with their client, the Transit Defendants' counsel could also have moved to leave to withdraw as counsel due to Romano's failure to cooperate with counsel (*see Farage v Ehrenberg*, 124 AD3d 159, 165 [2d Dept 2014]).

a deposition.  His failure to cooperate with his own counsel did not excuse him from having to comply with court-ordered depositions.

20250812173022RTSAI860C371803BE46D6A2902EDFBA54D913

__8/12/2025__
DATE

RICHARD TSAI, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]